## CROOK *vs.* CHAMBERS.

[MOTION FOR JUDGMENT ON AWARD.]

1. *Sufficiency of statutory award, and admissibility of parol evidence in aid of.*—It is not indispensable to the sufficiency of a statutory award, (Code, § § 2710-21,) that it should show on its face that the arbitrators were sworn, and that the parties had notice; but these facts may be proved by parol, on motion to enter up the award as the judgment of the circuit court.

2. *Delivery of copy of award to parties.*—The provision of the statute, requiring the arbitrators to deliver a copy of the award to each of the parties, is directory merely; and a compliance with it is not indispensable, if the award is otherwise substantially sufficient.

3. *Judgment on award.*—An award which contains a substantial compliance with the statutory requisitions, may be made the judgment of the circuit court on motion.

4. *"Stay-law" not applicable to statutory award.*—An arbitration is not a suit, within the provisions of the act approved February 20. 1866, entitled "An act to regulate judicial proceedings"; consequently, that act does not prevent the rendition of a judgment on motion on an award, at the first term after the award is made.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JNO. K. HENRY.

THIS was a motion for a judgment on an award, in favor of Geo. W. Chambers, and against James A. Crook. The award, and the submission on which it was founded, were in the following words :

"We, the subscribers, having a controversy respecting the balance of accounts between us, for the settlement of the same, have chosen E. H. J. Mobley and John Moore, esquires, arbitrators, by whose award, or any two of them, we do promise to abide; provided it is made in writing, on or before the 15th day of November next ensuing ; and for abiding by and performing the said award, we bind ourselves, each to the other, in the sum of one thousand dollars. In witness whereof, we have hereunto set our hands and seals, this 24th day of October, A. D. 1865.

"Sealed and delivered in ⌉ "J. A. Crook,        [L. S.]"
presence of us, and deliver- | "G. B. Chambers, [L. S.]"
ed by both parties to E. H. |
Mobley, for safe-keeping.  ⌋      ⌐

"State of Alabama, ⌉  We, the arbitrators chosen by
  Wilcox County.    ⌡ James A. Crook and George W.
Chambers, to settle and determine a controversy between
them concerning the balance of their accounts, as by their
submission and obligation in the hands of John Moore will
appear, having accepted the said arbitration, and duly con-
sidered the process and obligation of the parties, do award,
that there is a balance due to George W. Chambers, upon
said accounts, of three thousand eight hundred and seventy-
three 66-100 ($3,873.66) dollars; and further award, that
the said James A. Crook pay the same to the said George
W. Chambers, in sixty days from the date of this award,
in full satisfaction of all accounts between them. Witness
our hands, this 14th day of November, 1865."
                (Signed by both of the arbitrators.)
    At the April term, 1866, Chambers moved the circuit
court to enter up the award as the judgment of the court;
and on the hearing of his motion, as the bill of exceptions
states, offered the submission and award in evidence. The
defendant raised several objections to the admissibility of
these papers as evidence, founded on alleged failures or
omissions to comply with the provisions of the internal-
revenue laws of the United States; which objections were
overruled by the court, but which require no particular
notice; and to the overruling of these several objections
the defendant excepted. "The plaintiff then asked leave
of the court to prove, by parol, that the arbitrators, before
entering upon the discharge of their duties as arbitrators,
were regularly sworn, and that the parties had notice. The
defendant objected to this motion; but the court overruled
the objection, and admitted the evidence; to which the
defendant excepted. This being all the evidence intro-
duced by the plaintiff, he thereupon moved for a judgment
on the award; to which the defendant objected, on the
following grounds: 1st, that the evidence showed that this

was an arbitration at common law; 2d, because the award did not show that the arbitrators were sworn before entering on their duties; 3d, because the award did not show that the parties had notice of the meeting of the arbitrators; and, 4th, because the 'stay-law,' passed at the session of the legislature in 1866, did not authorize a judgment to be entered at the present term of the court. The court overruled these several objections, and rendered judgment on the award, in favor of the plaintiff, for the sum of three thousand eight hundred and seventy-three 66-100 dollars; to which ruling and action of the court the defendant excepted."

The judgment of the court, and the several rulings to which exceptions were reserved, are now assigned as error by the defendant.

PETTUS & DAWSON, and COCHRAN & DAWSON, for appellant. 1. The cases of the *Tuskaloosa Bridge Company v. Jemison*, (33 Ala. 476,) and *King v. Jemison*, (33 Ala. 499,) are not conclusive of the questions in this case. In those cases, the submission and awards were held to be perfect without extraneous evidence, and execution had been issued *without any order of the court ;* and the motion to quash that execution was overruled. In those cases it appeared, *on the face of the award*, that the arbitrators were sworn, and that the parties had notice and copies of the award. No motion was necessary to make the award the judgment of the court. The awards were statutory judgments, when filed in the circuit court, *without the action of the court.*—Code, § 2714. But, in this case, three essential requisites, necessary to a valid statutory award, are wanting : 1st, It does not appear on the award that the arbitrators were sworn ; 2d, it does not appear on the award that the parties had notice ; 3d, it does not appear on the award, or anywhere in the record, that a copy of the award was delivered to Crook, or to any one for him.—Code, § § 2712, 2716.

2. If the award possessed all the requisites of a valid statutory award, then it could have sustained an execution issued without an order of the court; and this is the true test, by which to determine whether the award is a

statutory award or not. Suppose this award had been filed, and execution issued on it, and Crook had moved to quash the execution; no court could have refused the motion, because of the three defects noticed.

3. There is but one sort of statutory awards; that is, an award which will sustain an execution issued by the clerk without any order of the court. But suppose that this court, by judicial construction, determines that there is another sort—that is, awards which may become judgments, when made so by the order of the court on motion; then that motion is a suit, and cannot be tried the moment it is made, as in this case. It is subject to the provisions of the "stay-law," which applies to *all suits* not specially excepted.

MILTON JENKINS, *contra*, cited and relied on the following cases : *King v. Jemison*, 33 Ala. 499 ; *Tuskaloosa Bridge Company v. Jemison*, 33 Ala. 476 ; *Willingham v. Harrell*, 36 Ala. 583.

· A. J. WALKER, C. J.—It is not indispensable in a statutory award, that it should disclose upon its face the fact that the arbitrators were sworn, and that the parties had notice. Those facts are not required by the statute to be evidenced by writing, and may therefore be proved by parol.—Code, § § 2711–2716.

2. The provision, that a copy of the award shall be delivered to each of the parties, is directory, and a compliance with it is not indispensable. A substantial compliance with the law is sufficient. "In relation to the award, the point of substance under the statute is, that the arbitrators should take the oath prescribed, and should either give the notice prescribed, or have the parties before them, before they proceed to hear and determine the matters referred to them ; and that a majority of them should make and sign an award, determining the matter or controversy submitted."—*Tuskaloosa Bridge Co. v. Jemison*, 33 Ala. 476. This "point of substance" is found in this case ; and, besides, there is an unobjectionable submission in writing. The award was, therefore, a valid statutory award.

3. The argument that a statutory award cannot be made the judgment of the court, cannot be sustained. It is at war with section 2710 of the Code ; and the contrary is expressly ruled by this court in *King v. Jemison*, 33 Ala. 499.

4. An arbitration is not a suit in court within the meaning of the "Act to regulate judicial proceedings," approved 20th February, 1866. It is a proceeding before triers chosen by the parties themselves. It is not an action commenced in court, in which there may be an appearance term, a pleading term, and a judgment term. We therefore hold, that there was no error in the refusal of the court below to withhold judgment for the time prescribed in that act.

Affirmed.