# Cobia, *et al. v.* Ellis.

*Bill to Abate Recurring Injury Caused by Erection of a Dam.*

(Decided Dec. 18th, 1906.   42 So. Rep. 751.)

1. *Injunction; Jurisdiction; Equity; Trespass.*—Where a single action at law will not furnish an adequate remedy, and a multiplicity of suits can be avoided by proceedings in chancery, equity has jurisdiction concurrent with courts of law to protect a land owner against constant and frequently recurring injuries from wrongful diversion of water, and will enjoin a wrong-doer without regard to his ability to respond in damages.

2. *Same; Retention of Jurisdiction to Award Damages.*—Where equity has assumed jurisdiction of an action for injunction to restrain the wrongful overflowing of plaintiff's land, the court will ascertain and award damages to the injured party in order to .settle the whole controversy.

3. *Same; Laches; Statute of Limitations.*—Complainant is not barred by mere laches short of the period prescribed by the statute of limitations, where he is otherwise entitled to an injunction to prevent the overflowing of his land, caused by an increase in the height of a dam constructed by defendant.

4. *Water and Water Courses; Dam; Construuction; Prescriptive Rights.*—A mill owner, who has maintained a dam at the height of four feet for several years, does not thereby acquire a prescriptive right entitling him to raise the height to seven feet; nor does the bar of the statute apply to the increased· height, unless the increase has existed for more than ten years.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

The facts made by the bill are that the complainant, Ellis, owned land just above lands owned by respondent Cobia on the Chattooga river, in Cherokee county; that Cobia operated a sawmill for some years by means of a dam across the river of four feet head; that some years later, and within three or four years of the filing of the bill, the height of the dam has been increased to seven feet, causing the river at time of high water to overflow lands belonging to Ellis, and that this is constantly re-

[Cobia, et al. v. Ellis.]

curring at such periods of high water; that the roadway, which is a public road, is inundated, and access to and from the land cut off.

Motion was made to dismiss for want of equity, and demurrers interposed: (1) For that the bill does not set out such a state of facts as entitles complainant to relief. (2) For the said bill shows on its face that complainant has a full and adequate remedy at law. (3) For that the averments of damage are too vague, indefinite, and uncertain. (4) For that it does not appear that the injury complained of is irreparable or irremediable. (5) For that it does not appear from said bill how much of plaintiff's land is injured, nor to what extent. (6) For that it does not appear from said bill when said injury occurred, nor whether it is of a permanent or continuing nature, nor that it will occur again in the future. For that it does not appear in said bill that any material injury has occurred or will occur to said land. For that it appears that the complainant has been guilty of such laches in applying to this honorable court as will bar him from any relief herein.

From a judgment overruling the demurrers and denying the motion to dismiss for want of equity, this appeal is taken.

MATTHEWS & MATTHEWS, for appellant.—The bill should have been dismissed on account of the unexplained laches of the complainant.—10 A. & E. Ency. of Law, 802; 12 Ib. 562; *Smith v. Clay,* Ambl. 645; *Western Union v. Judkins,* 75 Ala. 428; *Clifton Iron Co. v. Dye,* 87 Ala. 468; *Parker v. Lake Cotton etc., Co.,* 2 Black, 545; *Sheldon v. Rockwell,* 76 Am. Dec. 265; *City of Logansport v. Uhl,* 50 Am. Rep.; *Orme v. Fridenberg,* 24 Am. St. Rep. 567; *Reid v. Gifford,* 6 John's Chancery, 19; *Tichenor v. Wilson,* 8 N. J. Eq. 197. On the same authority the court erred in overruling demurrers numbered 10, 15, 17 and 19. The court erred in overruling demurrers 16, 18, 20 and 21.—1 A. & E. Ency. of Law, 74; *Parker v. Lake Cotton Co. supra; Ray v. Lynes,* 10 Ala. 63; *St. James Church v. Arrington,* 86 Ala. 546; *Kingsberry v. Flowers,* 65 Ala. 479; *Ogletree v. Mc-*

*Quaggs,* 67 Ala. 580; *Rouse v. Martin,* 75 Ala. 510; *Goodall v. Crofton,* 31 Am. Rep. 535. The court erred in over.. ruling demurrers 13 and 14.—*Whaley v. Wilson,* 112 Ala. 627. The court erred in overruling demurrers 1, 2, 3, 4, 5, 6, 7 and 9.—*Rouse v. Martin, supra; Rosser v. Randolph,* 7 Port. 238; *Jerome v. Ross,* 11 Am. Dec. 484 and note.

· *"Vigilantibus, sed non dormientibus, aequitas subvenit."*

BURNETT, HOOD & MURPHREE, for appellee.—Where injuries are constantly recurring, and to avoid a multiplicity of suits equity will intervene without regard to the ability to answer in damages and without waiting for a trial at law.—*Roberts v. West,* 126 Ala. 359 and authorites cited; *Furriss v. Douglass,* 78 Ala. 124; *Ninninger v. Norwood,* 72 Ala. 277; *Hundley v. Harrison,* 123 Ala. 299. The fact that the dam had been maintained at a height of four feet for several years does not give either prescriptive right to raise it nor put in operation the bar of the statute against the raise.—*Wright v. Moore,* 38 Ala. 597; *Ogletree v. McQuagg,* 67 Ala. 580; *Whitfield v. Rogers,* 26 Miss. 84. Mere delay short of the bar of the statute will not preclude the enforcement of this equitable right.—*Burden v. Stein,* 27 Ala. 112; *Muller v. Freen,* 36 Minn. 275; *Carlisle v. Cooper,* 18 N. J. Eq. 246; *Chatting v. Troy Co.,* 34 N. Y. 492; *Smith v. Thompson,* 54 Am. Dec. 132. The bill was sufficient. *Ninninger v. Norwood, supra; Roberts v. West, supra.*

HARALSON, J.—The bill in this case was filed to abate a nuisance, alleged to have been caused by an increase in the height of a dam erected by the defendant across the Chattooga river, resulting, "at high tide," in an overflow of the lands of complainant, and of the public road between them; and for damages caused by said overflow.

The defendant demurred to the bill, and moved to dismiss it for want of equity, and from a decree overruling the demurrers and motion to dismiss, this appeal is taken.

The bill avers "that at high tide of said river said waters are thrown back over the lands of orator much higher than they were before said dam was raised, and have been caused to overflow other lands not overflowed before the raising of the dam."

To protect a landowner against constant or frequently recurring injuries from the wrongful diversion of water, equity has jurisdiction concurrent with courts of law, and will enjoin the wrongdoer without regard to his ability to respond in damages, since a single action at law will not furnish an adequate remedy, and a multiplicity of suits can be avoided by proceedings in chancery.—*Roberts v. Vest*, 126 Ala. 355, 28 South. 412; *Farris v. Dudley*, 78 Ala. 124, 56 Am. Rep. 24; *Nininger v. Norwood*, 72 Ala. 277, 47 Am. Rep. 412.

When, for such purpose, jurisdiction has been assumed by equity, "the court, to settle the whole controversy, will ascertain and award damages to the injured party." Authorities, supra. And, if the right of complainant. is clear, it is not essential that it should be first established by verdict and judgment at law.

The injury complained of in the bill is constantly recurring at each high tide of the river; a single action of law would not, therefore, furnish an adequate remedy, and the right to preventive relief in a court of equity, upon such facts, is clear.

It is contended, however, that the right of complainant is barred by laches to such relief, the bill averring that the dam had been raised three or four years before the filing of the bill. When the right of complainant is clear, and the injury is of a character which would entitle him to call upon a court of equity to interfere, without first resorting to law, he is not deprived of his remedy by mere laches short of the period prescribed by the statute of limitations.—*Burden v. Stein*, 27 Ala. 112, 116, 117, 68 Am. Dec. 758. In the case of *Western Union Tel. Co. v. Judkins*, 75 Ala. 428, the right to preventive relief, because of the character of the injury, did not exist, it being held that the entry and possession by the telegraph company, however long it might exist, furnished but one grievance, a single cause of action capable of full redress by legal remedy, and laches

was applied to the aspect of the bill involving the right to prevent the taking of property by a corporation in the exercise of eminent domain, without compensation being first made, which right, as there stated, existed only when the complainant "applies seasonably." It does not appear in this case that the mill is to be operated for the benefit of the public or that it is stamped with the characteristics of a public utility.

While the right to injunction is not barred by laches short of the period prescribed by the statute of limitations, where the right of complainant is clear, and the injury is of such a character as would entitle the complainant to call upon a court of equity to interfere, without first resorting to law, it may be lost if complainant has, by this conduct, induced the other party to alter his situation under such circumstances as would render it inequitable for him to complain.—*Burden v. Stein, supra; Clifton Iron Co. v. Dye,* 87 Ala. 468, 471, 6 South. 192. Such defense, however, does not appear from the averments of the bill.

The fact that the dam had been maintained at the height of four feet for several years does not give the right to raise it to the height of seven feet. That does not give prescriptive right nor does the bar of the statute of limitations apply as against the increased height, unless the increase has existed for more than ten years. *Wright v. Moore,* 38 Ala. 593, 82 Am. Dec. 731.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.