# Tennessee Coal, Iron & Ry. Co. *v.* Roussell.

*Damages for Putting Refuse on Land.*

(Decided May 14, 1908. 46 South. 866.)

1. *Arbitration and Award; Agreements to Arbitration; Instruction.* —An agreement of arbitration reciting "that the parties are desirous of settling the controversy between them by arbitration in accordance with the statutes of the state," expresses a common intent to make the statutory provisions for arbitration an integral part of the agreement, as contradistinguished from common law arbitration.

[Tennessee Coal, Iron & Ry. Co. v. Roussell.]

2. *Same; Award; Delivery of; Pleading.*—It is not necessary to aver that a copy of the award had been delivered to each of the parties, as required by section 511, Code 1896, in a plea interposing an arbitration and award as a defense, since such provision is merely directory.

3. *Statutes; Re-adoption; Construction by Decision.*—The re-adoption of a statute after judicial construction in effect enacts the construction as a part of the statute.

4. *Arbitration and Award; Proceedings; Oath of Arbitrator.*—The provisions of section 515, Code 1896, that arbitrators must be sworn to determine, etc., being of substance, must be alleged in the plea interposing an arbitration and award as a defense, and its omission is fatal.

5. *Same; Pleading; Sufficiency.*—Where the plea avers that the arbitrators were sworn according to law it is not subject to the objection that it omits to aver that the arbitrators were sworn in accordance with section 515, Code 1896, since the term law if unqualified, in cases of this character, embraces legislative enactment as well as the common law.

6. *Same; Submission; Sufficiency.*—An agreement to submit to arbitration, the settlement of the amount of damages, if any, to be paid in full settlement and compromise of all injury past, present and future, to the land from overflow, deposit and the pollution of the water of a stream, and all other kind of damage which has been or might thereafter be suffered from coal washing operations then or thereafter to be conducted on the stream, is definite and certain as to the matters submitted.

7. *Same; Validity.*—An agreement to arbitrate future injury to land due to the deposit thereon of refuse matter thrown into a stream is valid. An owner of land may by agreement ascertain and finally conclude himself against further claim for injury resulting from a continuing private nuisance, whether or not he could make a legally binding agreement for the continuation of such nuisance.

8. *Award; Certainty.*—An award declaring that the arbitrators assessed damages in whole in the sum of $100, of which amount they assessed past and future damages caused by the other party in the sum of $50, is not open to the objection that it is uncertain.

9. *Same; Notice of Hearing.*—A party to an award cannot complain of a failure to give notice to him of the time and place of hearing, when he was present and participated in the arbitration.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Auguste Roussell against the Tennessee Coal, Iron & Railroad Company for damages to real estate, due to refuse matter thrown into a stream from defendant's coal washer and coal mine, and carried by the

stream and deposited on plaintiff's land. Judgment for plaintiff for $275, and defendant appeals. Reversed and remanded.

The action is for damages to real estate caused by a deposit on the land of refuse and deleterious matter, thrown into a stream from defendant's coal washer and coal mine, and carried by the stream and deposited on plaintiff's land. Defendant interposed the plea of not guilty and the statute of limitations of one year. The third, fourth, and fifth pleas are in the following language:

"(3) For further answer to plaintiff's complaint, defendant says that on, towit, the 2d day of May, 1901, plaintiff and defendant entered into an agreement of arbitration in words and figures substantially as follows: 'State of Alabama, Jefferson County. This agreement of submission to arbitration, entered into this the 2d day of May, 1901, by and between the Tennessee Coal, Iron & Railroad Company, party of the first part, and Auguste Roussell, party of the second part, witnesseth: That whereas, the said parties have a controversy between them relating to the amount of damages, if any, suffered, and which will hereafter be suffered, by the party of the second part in his ownership of certain lands on Five Mile Creek, described as follows: A half acre lot in N. E. ¼ of S. W. ¼ of section 22, township 16, range 4 W., in Jefferson county, Ala.—from the present and future operation of coal washers of the party of the first part now or hereafter to be located on said creek or its tributaries; and whereas, the said parties are desirous of settling said controversy by arbitration in accordance with the statutes of Alabama: Now, therefore, it is agreed by the parties hereto and they do hereby submit to the arbitration of Martin Henderson, R. O. Studdins, and Ed Phillips the settlement of the

amount of damages, if any, to be paid by the party of the first part to the party of the second part in full settlement and compromise of all damage which has been suffered in the past or may be suffered in the future to said above-described land and its owners, both present and future, both from overflow, deposit, and pollution of the water by said creek, or its tributaries, and all other kinds of damage which have been or may be hereafter suffered from said coal-washing operations of the party of the first part as now or hereafter conducted on said Five Mile creek or any of its tributaries; and each party hereby agrees to accept the award of said arbitrators as final between them as to said controversy. The said party of the first part agrees to pay to the said party of the second part the amount so awarded to him by said arbitrators, and the said party of the second part agrees to execute jointly with his wife such release as the party of the first part tenders to it with the amount so awarded, covering the damages as herein set out. Given under our hands this 2d day of May, 1901. For Tennessee Coal, Iron & R. R. Co.: James F. Echols, Agent. August Roussell.' And defendant states that in and by the terms of said arbitration agreement plaintiff and defendant agreed to arbitrate the controversy between them relating to the amount of damages, if any, which had been suffered and would thereafter be suffered by plaintiff in the ownership of certain land on Five Mile creek described in said arbitration agreement from the present and future operation of coal washers of defendant then or thereafter to be located on said Five Mile creek or its tributaries. And defendant states that pursuant to and in accordance with arbitration agreement the arbitrators named in said agreement pursuant to law rendered an award substantially in words and figures as follows: 'State of Alabama, Jefferson County.

We, the undersigned, arbitrators in said cause, hereby assess the damages in whole in the sum of $100. Of this amount we assess damages which have been sustained or which may be done in the future by the Tennessee Coal, Iron & Railroad Company in the sum of $50. Witness our hands this 2d day of May, 1901. R. O. Studdins. Martin Henderson. E. J. Phillips.' And defendant states that pursuant to said award it forthwith offered to pay plaintiff the sum of $50 as named in said award, but that plaintiff refused to receive said sum or to abide by said award. And defendant states that it always has been and is still willing to pay said sum of $50, together with the interest thereon from the 2d day of May, 1901, pursuant to said award, but that plaintiff has refused to abide by said award, and has refused to receive the sum of $50 awarded against defendant, and has refused to execute the release of damages stipulated in said award after same was by defendant prepared and tendered to him; and defendant states the land mentioned in said arbitration agreement is the same land for damages to which this suit is brought, and that the cause of action sued upon was embraced in the terms of said arbitration, and the damages herein sued for were covered by said arbitration agreement.

"(4) For further answer to plaintiff's complaint, defendant says that on, to wit, the 2d day of May, 1901, plaintiff and defendant entered into an agreement of arbitration in words and figures substantially as follows: (Here follows the same submission and award as is set out in plea 3.) And defendant states that persons or corporations besides defendant were at and prior to the said arbitration, engaged in conducting coal-washing operations on Five Mile creek, or the waters tributary thereto, above the lands of plaintiff, and

that 'such other persons or corporations had caused plaintiff damages from overflow, deposit, and pollution of the water of said creek and otherwise by their coal-washing operations, and defendant states that the portion of said award assessing said damages in whole at $100 referred to the entire damage sustained by plaintiff as a result of all coal-washing operations on Five Mile creek, including those carried on by other persons or corporations, as well as plaintiff. And defendant states that pursuant to said award it forthwith offered to pay plaintiff the sum of $50 as named in said award, but that plaintiff refused to receive said sum or to abide by said award. And defendant states that it always has been and is still willing to pay said sum of $50, together with the interest thereon from the 2d day of May, 1901, pursuant to said award, but that plaintiff has refused to abide by said award and has refused to receive the sum of $50 awarded against defendant, and has refused to execute the release of damages stipulated in said award, although same was by defendant prepared and tendered to him; and defendant states the land mentioned in said arbitration agreement is the same land for damages to which this suit is brought, and that the cause of action sued upon was embraced in the terms of said arbitration, and the damages herein sued for were covered by said arbitration agreement.

"(5) For further answer to plaintiff's complaint, defendant says that on, to wit, the 2d day of May, 1901, plaintiff and defendant entered into an agreement of arbitration in words and figures substantially as follows: (Here follows the agreement of submission to arbitration as is set out in plea 3.) That whereas, said parties have a controversy between them relating to the amount of damage, if any, suffered and which will hereafter be suffered by the party of the second part in his

ownership of certain land on Five Mile creek described as follows: A half acre lot in N. E. ¼ of S. W. ¼ of section 22, township 16, range 4 W.—[here follows the balance of the agreement of submission to arbitration as set out in plea 3]. · And defendant states that, in and by the terms of said arbitration agreement, plaintiff and defendant agreed· to arbitrate the controversy between them relating to the amount of damage, if any, which had been suffered and would be thereafter suffered by plaintiff in the ownership of certain land on Five Mile creek, described in said arbitration agreement, · from the present and future operation of coal-washers of defendant then or thereafter to be located on said Five Mile creek or its tributaries. And defendant states that, pursuant to and in accordance with said arbitration agreement, the arbitrators named in said agreement, pursuant to law, having been duly sworn in accordance with laws of Alabama, and both parties being present in person or by attorney, and testimony having been duly heard, and said arbitration having in all respects been conducted in accordance with the statutes and laws of Alabama governing arbitrations, rendered an award substantially in words and figures as follows: [Here follows the award of the arbitrators as set out in plea 3.] And defendant states that pursuant to said award it forthwith offered to pay plaintiff the full amount of said award against it as named in said award, but that plaintiff refused to receive said sum or to abide by said award. And defendant states that it always has been and is still willing to pay the full amount of said award against it, together with interest thereon from the 2d day of May, 1901, pursuant to said award, but that plaintiff has refused to abide by said award, and has refused to receive the amount of said award against defendant, and has refused to execute the release of damages

stipulated in said award, although same was by defendant prepared and tendered to him; and defendant states the land mentioned in said arbitration agreement is the same land for damages to which this suit is brought, and that the cause of action sued upon was embraced in the terms of said arbitration, and the damages herein sued for were covered by the said arbitration agreement."

The following demurrers were filed to the plea of the statute of limitations: "(1) The cause is in trespass. (2) The action is for a continuing nuisance." To plea 3 as follows: "(1) It is not averred in said plea that the arbitrators, before making their award, were sworn impartially to determine the matter submitted to them according to the evidence and the manifest justice and equity of the case, to the best of their judgment without favor or affection. (2) It is nowhere averred in said plea that said arbitrators were sworn according to law. (3) It is not averred that said arbitrators ever appointed a time and place for hearing the parties and making their award. (4) It is not averred that said arbitrators ever gave to the parties three days' notice as to the time and place for the hearing thereof. (5) It is not averred or shown that a copy of the said award was ever delivered to plaintiff, or that the original award was ever at any time delivered to plaintiff. (6) Because the submission is indefinite and uncertain. (7) Because said award is uncertain, in that in one part damages are named at $100 and in another at $50. (8) Because the award is indefinite and uncertain, and not responsive to the submission. (9) Because said submission referred to injuries done and to be done in the future, and an alleged agreement is set out therein whereby it is stipulated that the plaintiff would execute jointly with his wife such release as defendant tendered to him, while the wife of the plaintiff is not a party to

[Tennessee Coal, Iron & Ry. Co. v. Roussell.]

such submission or award; and because said submission refers to matters and things that might or might not be done in the future, thereby rendering the matters submitted uncertain, undefinite, and undeterminable." To the fourth and fifth pleas the plaintiff interposed severally and seperately all the grounds of demurrer assigned to the third plea, with the following additional grounds: "(1) Said plea does attempt to construe the award, which construction is different from the award itself. (2) Said pleas aver a willingness of defendant to pay the sum of $50, which sum is other and different to that set out in the award. (3) Said pleas do not show a legal tender of the amount ascertained by said award. (4) Said pleas aver that other persons or corporations besides defendant were interested in the subject-matter of said arbitration, without stating the names or number of such persons or corporations, and without stating that they were parties to said arbitration, and fails to show whether the award was for $50 or $100 against this defendant."

PERCY & BENNERS, for appellant. The pleas setting up the arbitration and award were good. It was not sought to have the award entered as the judgment of the court and compliance with the provisions for a statutory arbitration was not necessary to constitute the award a bar to the action.—*Gardner v. Newman,* 135 Ala. 522. Awards will be liberally construed; whether the arbitrators exceeded their authority was for the jury.—*Burnes v. Hendrix,* 54 Ala. 78. The failure to serve a copy of the award does not invalidate the award; *Mobile Co. v. Yeind,* 29 Ala. 325; *Creek v. Chambers,* 40 Ala. 239. Unless the stipulation provided for such service.—*Anderson v. Miller,* 108 Ala. 171. The submission of the question of future damages did not invalidate the

submission.—*Palgrave Gold Mining Company v. Mc-Millan*, Law Reports, Appeal cases (1892) 460. If an award can be rendered certain by reference to an outside matter it will be upheld.—2 A. & E. Ency. of Law, 765; *Odom v. Rutledge R. R.* 94 Ala. 488. And parol evidence will be received to explain an ambiguity in an award.—3 Cyc. pp. 804-805. The plaintiff did not prove that he was in possession of or owned the tract of land described in his amended complaint. The mere introduction of the deed to him from the Blossburg Land Company proved nothing.—*Anniston City Land Co. v. Edmonson*, 127 Ala. top page 464; *Mahone v. Arends*, 116 Ala. 19. And there was no testimony to show that the land of which plaintiff was in possession was the same land as that described in the amended complaint.—*Chastang v. Chastang*, 37 So. Rep. 802. If the operations of the Sloss Company or the Southern Railway or either contributed independently and equally to the injury to plaintiff they should bear equally with defendant the resulting damages.—*Tennessee Coal Iron & R. R. Co. v. Hamilton*, 100 Ala. 261.

ARTHUR L. BROWN, for appellant. The taking of the oath by the arbitrator is a matter of substance.— Sec. 515, Code 1896; *Tuscaloosa Bridge Co. v. Jemison*, 33 Ala. 476. An award must be sufficiently certain to enable the court to determine what it decides without any explanation outside the record.—*Roundtree v. Turner*, 36 Ala. 555. The refusal to give charge 8 was error without injury. It has been held time after time that the Court may properly refuse to give a charge which had been substantially already given, and that it is unnecessary to repeat instructions to the jury.—*Ala. Gr. So. R. R. Co. v. Burgess*, 116 Ala. 509; *Murphy v. State*, 108 Ala. 10; *Allen v. State*, 111 Ala. 80; *Miller v. State*, 110

Ala. 69; *Lodge v. State,* 122 Ala. 107; *Hawkins v. Hudson,* 45 Ala. 482; *Smith v. State,* 92 Ala. 30. The instructions given to a jury must be construed together, and if, when construed as a whole, they properly state the law, it is sufficient.—*Cawbill v. Holland,* 22 Neb. 587; *Hawkins v. Hudson,* 45 Ala. 482; *McKlan v. Citizens R. R. Co.,* 43 Mo. 405; *People v. Doyell,* 48 Cal. 85; *Smith v. Carr,* 16 Conn. 455; Thompson's Charging the Jury, 100.

McCLELLAN, J.—The employment of the expression, "Whereas, the said parties are desrious of settling said controversy by arbitration in accordance with the statutes of Alabama," clearly evinces the common intent, in a material respect, to have been to make the statutory provision for a statutory (as distinguished from common-law) arbitration an integral part of their alleged agreement to arbitrate in the premises. We are therefore required to treat the pleas setting up the asserted arbitration and award as if the requirements of the statutes in this regard were written, in extenso, into the agreement; and hence, if conditions of substance were not complied with, essential to be averred in the pleas to render them immune from attack, the award was abortive, whether as ground of action thereon or defense, as is here attempted. Such an appropriation of the statutes in question as elements of the agreement between the parties necessarily operated to adopt them as and impressed with the construction given them by the courts of the state. Among other stipulations in the system thus incorporated into the agreement for submission is that providing for the delivery of a copy of the award to each of the parties.—Civ. Code 1896, § 511. This provision was said by this court, in *Crook v. Chambers,* 40 Ala. 239, to be merely directory, and hence not of substance. The subsequent and repeated readoption of this statute affected to enact the construction thus given by

the court as a part of the statute itself. Hence the demurrer assailing the validity of the award on this ground was not well taken. *Anderson v. Miller,* 108 Ala. 171, 19 South. 302, was an expression of this court invited by an agreement in which the parties provided for the delivery of a copy of the award—a very different matter, as is evident.

That the arbitrators must be sworn before making their award is expressly required by Civ. Code 1896, § 515, and this provision has been, in construing this statute, pronounced to be of substance.—*Tuskaloosa Bridge Co. v. Jemison,* 33 Ala. 476; *Crook v. Chambers, supra.* The readoption of this section affected the same result as the reenactment of section 511. It has been ruled, however, that the necessity for an oath may be waived, though in these pleas no waiver is urged. Hence the third plea, omitting to aver that the requirement as to the oath was complied with, was fatally defective, and the demurrer thereto on that ground was well sustained. The other contain the averments that the arbitrators were sworn according to the laws, and that the arbitration was conducted according to the statutes and laws, of Alabama. Doubtless this latter averment is a conclusion of the pleader; but the objection is not taken by the demurrer. At first we were inclined to think that the pleader should be held to have written to a distinction between statute law and law, and that the allegation of compliance with the laws of the state could be interpreted only as not necessarily including statutory law. This view appeared to be sustained, among others, by *Smith v. United States,* Fed. Cas. No. 13122, and *Com. v. Morse,* 2 Mass. 128, and *Jones v. Vanzandt,* Fed. Sas. No. 7,502. But on further consideration we think the rule stated before has application, in the absence of accompanying qualification, to penal statutes only. In

other words, that the term "law," if unqualified, except
in cases involving penal matters, embraces legislative
enactments as well as the common law. This conclusion
finds a well considered authority in Chief Justice
Shaw's opinion in *Reed v. Northfield,* 13 Pick. (Mass.)
94, 23 Am. Dec. 662. We therefore hold that pleas 4
and 5 are not objectionable in omitting to aver that the
arbitrators were sworn in accordance with the statute.
Section 515. Of course, to support, in proof, these pleas
in this respect, it is essential to adduce testimony tend-
ing to show that the arbitrators were sworn as required
by the statute.

The agreement for submission, stating the matters
submitted, is so clearly sufficient and definite as to re-
quire no treatment here. Whatever may be said in
refutation of the legality of an agreement for the con-
tinuance of a private nuisance, counsel have not brought
to our attention, nor have we been able to find, any au-
thority denying the right of an owner of real estate to,
by agreement, ascertain and finally conclude himself
against any further claim for damages to his property
resulting from an indefinitely continuing private nui-
sance. Unless some element intervenes, regarded in law
as illegal, there would seem to be no reason why a prop-
erty owner may not, for a valuable consideration, whol-
ly foreclose himself against assertion of any right to
claim damages to his property by reason of a continu-
ance of the agency that produces the injury. This court
is committed to the doctrine of prescription as appli-
cable to a private nuisance.—*Roundtree v. Brantley,*
34 Ala. 544, 73 Am. Dec. 470; *Wright v. Moore,* 38 Ala.
593, 82 Am. Dec. 731; *Stein v. Burden,* 24 Ala. 130, 60
Am. Dec. 453. And since that doctrine is grounded upon
the presumption of acquiescence, for the requisite peri-
od, of the owner in the assertion by the prescriptioner
of a hostile and adverse right or user, no good reason

appears to deny the legal efficacy of a contractually, upon consideration, expressed intention to embrace the practice that has and probably will in future damnify the owner's property. We therefore hold that the agreement for submission to arbitration was not invalid because it included all future damage possible of infliction by the continuance of the practice described.

The award, which, with the agreement, will be reported, is not subject to the criticism that it is uncertain in its finding. The mention in it of the whole damage may be entirely disregarded, and there still remains a clear finding of the damages done or to be anticipated of infliction by the appellant; or, if it be not disregarded, there is no difficulty whatever in arriving at the conclusion, within the limits of the submission, reached by the arbitrators. These pleas aver the presence and participation of the plaintiff in the arbitration; hence he can take nothing by the failure, if so, of notice to him of the time or place of hearing.

For the error in sustaining the demurrers to pleas 4 and 5, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.