# McCary v. McLendon, *et al.*

### Bill to Declare a Nuisance and for Damages.

(Decided December 16, 1915. 70 South. 715.)

1. **Water and Watercourses; Obstruction.**—The owner of land has a right to discharge waters falling upon or flowing through his land onto the land lying below his, and can be deprived of the right only by his own grant or license, or by condemnation for public use; hence, any obstruction by the lower proprietor resulting in unnatural enlargements of the stream to the injury of the upper proprietor, gives a right of action.

2. **Same; Dams; Erection.**—While a riparian owner may erect a dam or detain water for reasonable purposes, yet if such act injure others, actionable injury results, as a man must use his own property with reasonable regard for the rights of others.

[McCary v. McLendon, et al.]

**3. Same; Obstruction; Remedy.**—Where the owner of a servient estate erects a dam across a stream, raising the waters on the dominant estate, the injury is, in its very nature, permanent and constantly recurring, and the legal remedies do not afford adequate redress; hence, a court of equity will intervene to abate the nuisance in order to prevent irreparable injury, and a multiplicity of suits.

**4. Estoppel; Acquiescence.**—Although one who acquiesces for a time in an alleged nuisance may be denied equitable relief and left to his legal remedies, the fact that he knows that a structure is being built, and knows of its purposes, does not estop him to sue to abate it as a nuisance, because of injuries thereafter arising, unless he encouraged the building of the structure.

**5. Limitation of Action; Accrual.**—The ten year period of limitation in which one may sue for damages arising from a nuisance begins to run at the time of the working of the first injury or damages.

**6. Nuisances; Abatement; Damages.**—Where equity assumes jurisdiction of an action to abate a nuisance it may award damages for injuries already sustained in order to do complete justice between the parties.

**7. Same.**—In such an action the question of damages may be ascertained by the chancellor or referred to a register or submitted to the determination of a jury.

**8. Same.**—Where the action was to abate as a nuisance a dam across a creek, it was proper to allow nominal damages for injuries accruing within twelve months next preceding the filing of the bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by D. E. McLendon and others, against Mattie F. McCary to abate a nuisance, and for damages. Decree for complainants, and respondent appeals. Affirmed.

HENRY UPSON SIMS, for appellants. L. J. COX, for appellee.

This cause was submitted and considered under new rule 46 (65 South. vii), and the opinion of the court was delivered by Mr. Justice THOMAS.

Appellant and appellees are owners of contiguous tracts of land, that of appellant lying lower than that of appellees. Through both tracts there flows a creek which crosses the line dividing the two. On appellant's land, a short distance from appellees' land, she erected a dam across said creek, in consequences of which, as the chancellor found, the lands of appellees were overflowed from time to time. The decree declared the dam a nuisance, ordered its abatement, and awarded damages for the injury sustained. From the decree, this appeal is taken.

[McCary v. McLendon, et al.]

(1) The principles of law applicable here are well established. The owner of the dominant estate has a natural easement in the servient estate; this carries the right to discharge waters, naturally falling upon or flowing through his land, upon or over the servient estate, and denies to the servient owner the right of interrupting or obstructing such natural flow or passage of the waters, to the detriment of the land of the dominant proprietor. This theory has found expression in the maxim, "Aqua currit et debet currere, ut currere solebat." This rule provides for the natural flow of water from the upper, over the lower lands, where the industry of man has not intervened to create the servitude. The proprietor of the higher or dominant estate can be deprived of this right only by his own grant or license, actual or implied, or by condemnation for public use. Any obstruction resulting in the unnatural enlargement of the stream, to the injury of the upper proprietor, gives a right of action.—*Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 167 Ala. 226, 52 South. 69; *Nininger v. Norwood,* 72 Ala. 277, 47 Am. Rep. 412; *Central of Ga. Ry. Co. v. Champion,* 160 Ala. 517, 49 South. 415; *Southern Railway v. Plott,* 131 Ala. 312, 31 South. 33; *Shahan v. A. G. S. R. R. Co.,* 115 Ala. 181, 22 South. 449, 67 Am. St. Rep. 20; *Ulbricht v. Eufaula Water Co.,* 86 Ala. 587, 6 South. 78, 4 L. R. A. 572, 11 Am. St. Rep. 72; 40 Cyc. 569, et seq.

(2) A riparian owner may erect a dam or detain water for reasonable purposes; the reasonableness being a matter for deduction from the facts of each particular case. If the detention of water substantially injures other owners by flooding their lands, actionable injury results. This question, as indeed the whole law of nuisances, rests upon the falimiar maxim, "Sic utere tuo ut alienum non lædas;" a man must use his own property with reasonable regard for the rights of others.—*Sloss-Sheffield, etc., Co. v. Mitchell, supra;* 40 Cyc. 570, 572.

(3) Where such a dam as that above referred to is erected, and, in consequence thereof, upper estates are flooded, a right of action accrues. Where it appears that such injury is, in its very nature, permanent and constantly recurring—as the testimony tended to show the fact in this case to be—instead of merely temporary and fugitive, legal remedies will not afford adequate redress nor protection, and a court of equity may be appealed to. Upon a proper showing, such a court will use its

power of injunction to abate the nuisance, in order to prevent irreparable injury and a multiplicity of suits.—*Central of Ga. Ry. Co. v. Champion, supra; Nininger v. Norwood, supra; A. G. S. R. R. Co. v. Prouty,* 149 Ala. 71, 43 South. 352.

(4) The doctrine of acquiescence, in instances of nuisances, may be thus stated: One who has slept on his rights for a considerable time by acquiescing in the alleged nuisance, will in a proper case be denied equitable relief and left to his remedy at law; but the fact that a person knows that a structure is being built and the purpose for which it is to be operated, and makes no objection thereto, does not estop him to afterward sue to abate it as a nuisance because of injuries arising from its use, unless he encouraged or influenced the person complained of to build the structure.—29 Cyc. 1231.

In *Adams v. Birmingham Realty Company,* 143 Ala. 457, 45 South. 891, Justice Anderson said, of acquiescence that bars a right to equitable relief: "In order that this effect may be produced, the acquiescence must be with the knowledge of the wrongful acts themselves and of their injurious consequences. It must be voluntary, not the result of accident, nor of causes rendering it a physical, legal, or moral necessity, and it must last for an unreasonable length of time, so that it will be inequitable even to the wrongdoer to enforce the peculiar remedies of equity against him, after he has been suffered to go unmolested, and his conduct apparently acquiesced in. It follows that what will amount to a sufficient acquiescence in any particular case must largely depend upon its own special circumstances."

(5) As to the statute of limitations in such actions, the continuous obstruction of the water and overflowing of appellees' land for a period of 10 years would make complete the bar to legal or equitable action. The right of action does not accrue until some damage is done, and the statute does not begin to run until there is a right of action.—*Cobia et al. v. Ellis,* 149 Ala. 108, 42 South. 751; *Nininger v. Norwood, supra; Wright et al. v. Moore, et al.,* 38 Ala. 593, 82 Am. Dec. 731; *Sloss-Sheffield, etc., Co. v. Mitchell, supra; T. C. I. & R. R. Co. v. Roussell,* 155 Ala. 435, 46 South. 866, 130 Am. St. Rep. 56.

(6, 7) Having assumed jurisdiction, a court of equity may do complete justice between the parties, and where injury has been sustained, damages may be awarded. The question of dam-

[Mathews, et al. v. J. F. Carroll Merc. Co.]

ages may be determined by the chancellor himself, or referred to the register, or submitted to the determination of a jury.— *Whaley v. Wilson*, 112 Ala. 627, 20 South. 922; *Barnett v. Tedeschi*, 154 Ala. 474, 45 South. 904; *Terrell v. Southern Railway Co.*, 164 Ala. 423, 51 South. 254, 20 Ann. Cas. 901; *Farris v. McCurdy & Dudley*, 78 Ala. 124, 56 Am. Rep. 24; *Stow v. Bozeman's Ex'rs*, 29 Ala. 397; *Kilgore v. Kilgore*, 103 Ala. 614, 15 South. 897.

(8) The allowance of nominal damages to appellees was proper under the evidence, the same accruing within 12 months immediately preceding the filing of the bill.

Subject to the future order of the chancery court to enforce its decree, the cause is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.