(124 So. 896)

**SMITH et al. v. McELDERRY.** (7 Div. 898.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

A. L. Crumpton, of Ashland, for appellants.

Knox, Dixon, Sims & Dixon, of Talladega, for appellee.

SAYRE, J. Complainants, appellants, owned land on the north side of Catchemadoggee creek, in Clay county; defendant's sister owned the land on the opposite (the southern) side of the creek. Defendant, a banker in Talladega, and a farmer of long experience, had looked after his sister's property since she acquired title by conveyances from different owners in the years 1922 and 1923. The bill in this cause was filed in 1926. At and near the point of difference between the parties, Catchemadoggee, the general course of which is from southwest to northeast, bends rather abruptly to the north, and then around in a circular curve back to the south, inclosing on three sides a neck of land, the property of defendant's sister, Mrs. Jemison. Across this neck a ditch had been dug years before Mrs. Jemison acquired her title —the intervening time being variously estimated at 25 to 40 years. Complainants, too, on their side of the creek and upstream from the top of defendant's ditch—so for convenience to speak of the ditch on Mrs. Jemison's land—had dug a ditch which took some water out of the creek and delivered it back into the stream, near the top of the bend and below the upper end of defendant's ditch. Appellants' complaint is that defendant, by taking water out of Catchemadoggee, had so reduced the flow and scour of its water around the bend as to cause it to become clogged with sand and débris, thus in large measure impeding and closing the mouths of a branch and several ditches by which their land had been drained, causing it to become wet and soggy, and materially impairing its agricultural value.

We are not informed by the decree on what ground or grounds the judge of the circuit court proceeded to the ruling which denied relief. But that information, if afforded by the decree, would not be conclusive in this court, where the cause is due to be tried de novo. Our judgment is that the decree is to be affirmed on its merits and without regard to any question as to defendant's several pleas of statutes of limitation. That defendant, or the owner south of the creek, had a prescriptive right to have the ditch on his land maintained at substantially the same flowage as it had when he acquired title, or that complainants on the north had a right to have the flowage of the creek maintained likewise, so far as dependent upon acts of the owner on the south, will not be denied. Burden v. Stein, 27 Ala. 104, 62 Am. Dec. 758; Wright v. Moore, 38 Ala. 593, 82 Am. Dec. 731; McCary v. McLendon, 195 Ala. 497, 70 So. 715; Irvine v. City of Oelwein, 170 Iowa, 653, 150 N. W. 674, L. R. A. 1916E, annotations page 997. One riparian owner will not be permitted to so increase or diminish its velocity or volume—except for such familiar uses as are allowed as necessarily incident to the use in order to effect the highest average benefit to all the riparian owners, 27 R. C. L. 1123—as to cause damage to the land of the adjoining proprietors, or impair his rightful use of the stream, though on his own land, which causes the washing of mud or débris on the land of his neighbor, to the injury of the latter, and which would not have occurred but for the change in the stream. 27 R. C. L. 1095.

It will be noted, as the result of the principle of law stated in the authorities to which we have referred, that defendant was under legal duty not to change the ditch on his own land from the condition in which it was when he acquired title, so as to cause any material difference in the flow of water to the injury of his adjoining proprietors. It is an easy inference from the evidence shown by the record that the ditch dug by defendant's predecessor in title was dug to facilitate the flow of water from a point above to a point below the bend in Catchemadoggee, thereby diminishing the flow around the bend. To the maintenance of that ditch and the flow of water through it defendant, or, more properly speaking, the owner for whom he has acted, has acquired a prescriptive right. As it now is, and as it was when Mrs. Jemison acquired title, the water is and has been divided between the ditch on defendant's land and the creek flowing around the bend, with probably a larger volume of water flowing through the ditch. Defendant has had some logs taken out of the ditch, but, as well as we can judge from the evidence in the record, the capacity of the ditch in its normal state has not been materially changed during the ownership of Mrs. Jemison; certainly the evidence does not show that it has been so changed by any act or order of defendant. We therefore hold that the bill was dismissed in the trial court without error.

In the view we have taken of the case, it is not necessary that anything be said on the subject of the court's decree sustaining two grounds of the demurrer to the bill in its original form. Without intending to intimate error in that ruling, now that the evidence has been taken, it appears that the amendment made by complainants in response to that ruling brought no difficulty into complainants' case. Defendant proved the time of his removal of the logs without dispute, and the statute of limitations has, without dispute also, appeared to be of no consequence.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.