44 So.2d 752

## ROBERTS v. HUGGINS.
### 8 Div. 495.

Supreme Court of Alabama.
March 2, 1950.

Scruggs & Scruggs, Guntersville, for appellant.

Marion F. Lusk, Guntersville, for appellee.

PER CURIAM.

The major purpose and aspect of the bill in this case is to enjoin the respondent from wrongfully diverting the flow of water from its regular course on the stream originating at the spring and passing through the property of which the complainant is in rightful possession, said diversion being continuous and to the hurt of the complainant. The demurrer is addressed to the bill as a whole and construing the allegations of the bill most strongly against the pleader they show that the complainant is in the rightful possession of the premises as a licensee of the owner of the land with the right to use the waters of said stream to supply his minnow pools used in the propagation and raising of minnows for bait purposes; that the licensor is the owner of the land and the riparian rights to use the water flowing along the regular channel of said stream.

Therefore, if it be conceded that the complainant is not the owner, he is certainly the licensee, and the respondent, a wrongdoer, is without right so far as appears from the allegations of the bill to interfere with and interrupt the complainant in the use of said property. The fact that he occupies by mere license of the owner gives the respondent no right to interfere.

We are therefore of the opinion that the demurrer was erroneously sustained and a decree will be here entered overruling the demurrer and remanding the cause to the circuit court for further proceeding. The

defendant is allowed thirty days within which to plead.

Reversed, rendered and remanded.

BROWN, FOSTER, LAWSON and SIMPSON, JJ., concur.

LIVINGSTON and STAKELY, JJ., dissent.

GARDNER, C. J., not sitting.

LIVINGSTON, Justice (dissenting).

The question presented is the sufficiency of the bill of complaint as against demurrer.

Appellant's brief summarizes the allegations contained in the bill as follows: "This bill of complaint alleges, among other things, that the appellant was in possession of certain described lands by virtue of a license agreement entered into on the 21st day of January, 1945, between the appellant and the Tennessee Valley Authority; that appellant has been granted, by this agreement, the right to erect and construct minnow ponds and structures for the purpose of raising minnow bait for commercial purposes; that twenty pools and other equipment were erected and constructed by the appellant pursuant to said license agreement at a cost of between five and seven thousand dollars; that a small stream of water flows through the length of the lands that appellant holds by virtue of said agreement, said stream of water originating from a spring located on certain school property which is immediately northwest of appellant's lands and flows for a distance of approximately one hundred yards until it touches appellant's lands; that the appellee owns certain property which does not touch the said stream of water but appellee, in 1948, erected pipes and pumps in two different locations on said stream near the said spring and has placed obstructions in the stream to back up or dam up the water; that, as a result of the pumping of water and the obstructions, which still continues, of the stream, the appellee has diverted, and continues to divert, approximately ninety-five percent of the water that flows in said stream, and appellant receives only about five percent of the natural flow of said water; and that, as a proximate result of the diversion of the said water by the appellee, the appellant was forced to discontinue use of several minnow ponds, great numbers of minnows died, because of a lack of water, and appellant was damaged to the extent of $2500.00 by loss of minnow business and that appellant is still being damaged by reason of this diversion of said water by the appellee."

Complainant prays for an injunction, both temporary and permanent and for damages.

It is clear enough that to entitle complainant to the relief sought he must proceed upon the theory of an invasion of his riparian rights, and we take it he has attempted to so frame his bill.

The respective rights of riparian owners of land as to the natural flow of water and use thereof, the rights of the owners of upper and lower estates with respect to water courses have been recently declared in the case of Elmore v. Ingalls, 245 Ala. 481, 17 So.2d 674, where the following cases are cited: McCary v. McLendon, et al., 195 Ala. 497, 70 So. 715; Smith et al. v. McElderry, 220 Ala. 342, 124 So. 896; Gulf States Steel Co. v. Law et al., 224 Ala. 667, 141 So. 641; Jones et al. v. Tennessee Coal, Iron & R. Co., 202 Ala. 381, 80 So. 463; Tennessee Coal, Iron & R. Co. v. Hamilton, 100 Ala. 252, 14 So. 167, 46 Am.St.Rep. 48; Sloss Shefflied Steel & Iron Co. v. Morgan, 181 Ala. 587, 61 So. 283.

The bill of complaint shows on its face that the complainant is not a riparian proprietor, or the owner of the land through which the stream, alleged to have been diverted, flows. His rights, if any, to the use of the water from the stream must have been acquired from the owner of the land through which the stream flowed.

"A right to use the waters of a stream is a species of property which may be the subject of a valid sale and transfer, whether it is exclusive or limited, and whether it rests on the ownership of riparian lands or was acquired by prescription or by prior

appropriation." *67 Corpus Juris* section 551, page 1076.

The most that can be said for the allegations of the bill is that complainant had the right to build minnow ponds on the property of the Tennessee Valley Authority, and by inference, and inference only, the right to use the water from the stream flowing across the land in his possession to fill and supply the minnow ponds with water.

If complainant had the right to use the water from the stream it would have been so easy to allege it. For aught that appears no such right existed and, in my opinion, the demurrer to the bill of complaint was properly sustained. I therefore dissent.

STAKELY, J., concurs.