# Birmingham Railway Light & Power Co. v. Harden

*Action for Damages to Passenger While Alighting.*

(Decided June 30, 1908. 47 South. 327.)

1. *Appeal and Error; Ruling on Demurrer; Prejudice.*—Where the judgment entry was silent as to the disposition made of demurrers to a count in the complaint, but in its oral charge, the court excluded the count from the jury's consideration, no prejudicial error is shown to the defendant as to that count.

[Birmingham Railway Light & Power Co. v. Harden.]

2. *Carriers; Injuries to Passengers; Negligence; Complaint.*— Where the complaint alleges the relation of passenger and carrier, it is not necessary to allege that the negligence imputed to defendant's servants resulted from acts within the scope of their duties.

3. *Same; Contributory Negligence.*—Since the speed of the car must materially influence the determination of the question, it may not be said to be negligent as a matter of law in all cases for a passenger to step off a moving car at right angles therewith.

4. *Same.*—It is not negligence as a matter of law for a passenger to attempt to alight from a moving car, in the absence of some special circumstance, making it such.

5. *Same; Instructions.*—Where the complaint predicated a recovery upon a jerk resulting in throwing plaintiff to the ground, charges which pretermit consideration of this issue and assume that as a matter of law it is negligence to attempt to alight from a moving car, are improper.

6. *Same; Instructions.*—A charge asserting that if plaintiff got off the car at a place where it was not usual to discharge passengers, it was not negligence for defendant's servant to cause the car to suddenly jerk, is improper since it hypothesizes the departure of plaintiff from the car, which, if so, would not render the jerk of the car negligence under any such circumstances as to him.

7. *Damages; Nominal Damages.*—In the absence of evidence on which to base a conclusion of loss of earning capacity from the injury, nominal damages only can be recovered for the loss of such earning capacity.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Harvey Harden against the Birmingham Railway, Light & Power Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The complaint was as follows: "Plaintiff claims of defendant corporation $10,000 damages, for this, to wit: On or about July 26, 1903, plaintiff was a passenger on an electric car operated by the defendant, a corporation for the public carriage of passengers; that plaintiff was in the act of alighting from one of the passenger cars operated by the defendant at a point where said car was stopped for passengers to alight (naming the place), when the servants and agents of defendant in charge of the car negligently permitted or caused said car to suddenly start or jerk, and as a proximate con-

sequence of said negligence plaintiff was thrown down on the ground, etc. (Here follows the allegation of special damages suffered.) * * * (3) Plaintiff claims of defendant $10,000 damages, for that heretofore, on, to wit, July 26, 1907, plaintiff was received by defendant as a passenger on one of the cars operated by defendant for the public carriage of passengers, and while plaintiff was such passenger the defendant's agents or servants negligently caused or allowed the said car to suddenly start or jerk, thereby throwing plaintiff to the ground, injuring him," etc.

Demurrers were interposed to the first count as follows: "It does not appear therefrom that said car was stopped for the purpose of allowing plaintiff or other passengers to alight therefrom at the time plaintiff was in the act of alighting therefrom. (5) For aught that appears therefrom, plaintiff was in the act of alighting from said car while same was in motion, and at a place where it was not intended that passengers should alight from said car. The facts averred therein do not show that it was negligence to permit said car to suddenly start or jerk. It does not appear therefrom that the agents or servants of defendant were then and there acting within the line and scope of their employment." The same grounds were assigned to count 3. The pleas were the general issue and contributory negligence in negligently alighting or attempting to alight from the said car while the same was in motion.

The following charges were refused to the defendant: "(1) If the jury believe the evidence in this case, they cannot find from it that the witness Forshee was guilty of negligence." (2) Affirmative charge. "(3) If the jury believe from the evidence that plaintiff was injured while getting off defendant's car while it was moving, that he stepped off it at right angles and straight

out from the car, and that his doing so proximately contributed to his injury, the jury must find for the defendant. (4) If the jury believe from the evidence that plaintiff was injured in alighting from defendant's car after it had started from its usual stopping place to take on and let off passengers, and while it was moving, the jury must find for defendant. (5) If the jury find for plaintiff, they are not authorized from the evidence to award him more than nominal damages to compensate him for any loss of earning capacity which the jury may believe from the evidence was a proximate result of the injury. (6) If the jury believe from the evidence that plaintiff was injured in alighting from defendant's car after it had started from the usual stopping place to take on and let off passengers, and while it was moving, and that there was no sudden or unusual jerk at the time he was alighting, the jury must find for defendant. (7) If the jury believe from the evidence that the plaintiff got off the car at a place where it was not usual for it to receive or discharge passengers, and while the car was moving, then defendant would not be liable to plaintiff for the running of its car with a sudden or unusual jerk at such place. (8) If the jury believe from the evidence that plaintiff got off the car at a place where it was not usual to take on and discharge passengers, then it is not negligence of which plaintiff can complain in this action for the defendant's conductor or motorman to cause its car to suddenly or unusually jerk, unless the jury also find from the evidence that the conductor or motorman knew when the car was started that plaintiff or some other passenger was in a position of peril from the starting of the car with such a jerk."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in refusing the defendant's 3rd charge. —*Hunter v. L. & N.* 43 South. 802; *Watkins v. Bir. Ry. & E. Co.* 120 Ala. 120. The court erred in refusing charge 8.—*Bir Ry. L. & P. Co. v. Moore,* 43 South. 841. Counsel discuss other assignments of error, but without citation of authority.

M. L. WARD, and ROBERT N. BELL, for appellee. The relation of carrier and passenger being averred, it was not necessary to aver that the servants or agents were acting within the line of their authority.—*Bir R. & E. Co. v. Macey,* 137 Ala. 343. There was no issue submitted to the jury involving the 2nd count.—*Bir. R. & E. Co. v. Macey, supra.*. The court properly refused charges requested by the defendant.—*Savory v. Moore,* 71 Ala. 237; *Callahan v. McDaniel,* 72 Ala. 96. The court properly refused the 5th charge.—*Seaboard Mfg. Co. v. Woodson,* 11 South. 733. The element of physical pain, alone, was enough to justify its refusal.—*A. G. S. v. Burgess,* 114 Ala. 587; *L. & N. v. Binion,* 107 Ala. 645.

McCLELLAN, J.—While the judgment entry is silent in respect of the disposition made of the demurrer to the second count, which imputed wantonness, etc., to servants or agents of the defendant, yet, from the oral charge of the court, copied in the bill of exceptions, it appears that the jury was instructed that the second count had been stricken on demurrer. This excluded the count from the jury's consideration, and no prejudicial error could have resulted to the appellant. The count was defective as charging wantonness, etc.

The court below, in its oral charge, thus correctly summarized the negligence relied on for a recovery by the plaintiff, who was averred to be a passenger: "In

the first count he says he was hurt while in the act of alighting from a car; that while it was standing still it suddenly started and he was thrown down. * * * In the third count he alleges that he was hurt while a passenger, and that by a sudden jerk or jar he was thrown off and hurt." These counts were not subject to the demurrers. The relation of passenger and carrier being averred, it was not essential that the negligence imputed to the servants or agents of the carrier should be alleged to have been the result of acts within the scope of the duties of the charged servants or agents.— *B. R. & E. Co. v. Mason,* 137 Ala. 342, 34 South. 207.

Since it cannot be pronounced negligence in all cases as matter of law for a passenger to step off of a car at right angles therewith, charge 3 was properly refused to defendant. The speed of the running car must materially influence the determination of that inquiry. Ordinarily, if the car is barely moving, yet in motion, the speed thereof, supplying momentum to the passenger's body, may not be sufficient to overcome the equilibrium of the alighting passenger. If the passenger is feeble, incumbered, or crippled, of course, the resistance to maintain an equilibrium against such momentum would be plainly less, and a fall more probable of result.

Charge 1, declaring that under the evidence in the cause Forshee, the conductor on the trailer, was not guilty of negligence, was well refused. Forshee testified that he gave the signal to Brooks, conductor on the motor car, and he in turn gave the motorman a signal, to start. The duty of the defendant to observe the proper care for the safety of the plaintiff passenger did not wholly devolve on Brooks. Forshee was likewise bound to the observance of that care. It was open to the jury to find, from the evidence, that the starting of the car, as averred, was induced by the negligence of Forshee; an inquiry denied if charge 1 had been given.

Charges 4, 6, and 7 were properly refused to the defendant. These charges assume that, as a matter of law, it is negligence to attempt to alight from a moving car, whereas such is not the case, in the absence of special circumstances.—*Hunter v. L. & N. R. R.,* 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848. Besides, the third count predicated a recovery upon a jerk or jar, resulting in the throwing of the plaintiff passenger to the ground, injuring him. These charges utterly pretermit consideration of this issue raised by the pleadings.

Charge 8 was properly refused. If not otherwise bad, it hypothesizes the departure of the plaintiff from the car, whereas, if so, the jerk of the car could not be negligent under such circumstances.

We must reverse the judgment for the refusal of charge 5. In the oral charge of the court the jury was instructed that in "addition to that [other elements of damages, we explain] his disability to earn money and loss of time" were considerable, in arriving at the quantum of the damages, if they found for the plaintiff. In order to warrant a recovery of damages for loss of earning capacity resultant from the injury suffered, some evidence of the earning capacity before and after the injury must be given the jury.—4 Suth. on Damages (3d Ed.) § 1249, and authorities in notes. In other words, some data must be afforded the jury upon which to base a conclusion as to the loss of earning capacity in consequence of the injury. There was an entire absence of such evidence in this case, leaving the inquiry wholly subject to speculation on the part of the jury, and the court should have given the charge mentioned,

since it correctly stated that, on the evidence in the case, only nominal damages for the loss of earning capacity were properly recoverable.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.