# Birmingham Railway L. &. P. Co. v. Camp.

*Damages for Injuries to Property in Collision.*

(Decided May 20, 1909.—49 South. 846.)

1, *Damages; Extent of Injury; Burden of Proof.*—Although injury is shown it cannot be recovered for unless it is shown to what extent in damages is caused by the injury.

2, *Street Railway; Operation; Injury to Property; Instructions.*— The existence vel non of negligence cannot be determined by the honesty of belief or the reasonableness of thought on the part of one alleged to have caused an injury through negligence, and hence, charges based upon such hypothesis should not be given.

3. *Same.*—Where the theory was that the collision was caused by the overhang of a street car in rounding the curve coming into contact with the property injured, and the theory of the defendant was that the horse backed the buggy into the overhang, the defendant was entitled to have the jury instructed that it would not be liable if the rear end of the car would not have struck the buggy had the horse not backed the buggy against the overhang.

4. *Same.*—A charge asserting that it is not as a matter of law negligence in the slightest degree for the horse to have been stopped near the curve in the street car track even if the jury are reasonably satisfied from the evidence that it was so stopped, is not subject to the criticism of being misleading.

5. *Exceptions; Bill of; Construction.*—The recitals in a bill of exceptions that the defendant requested the court separately and severally in writing to give the jury each of the following charges, and the court thereupon separately and severally refused to give each of said written charges so requested by the defendant, cannot be construed to mean that the charges for the defendant were requested in bulk.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Oscar L. Camp against the Birmingham Railway, Light & Power Company for injuries to a horse and buggy. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count was in simple negligence and the second count was for wanton or willful injury. Charge 1 is set out in the opinion. The other charges refused to the defendant were as follows: (3) "If you believe from the evidence in the case that the motorman operated said car at a reasonable rate of speed around the curve, and that he honestly and reasonably thought the overhang on the rear end of the car would miss the buggy and horse, you must find a verdict in favor of the defendant." (4) "If you believe from the evidence in the case that the front part of the car passed safely by the vehicle, and that the rear end of the car would not

have struck the vehicle unless the horse backed the buggy against the rear end of the car, you will find the verdict in favor of the defendant." (8) "Although the jury may believe from the evidence that the gong was not sounded, yet if you further believe from the evidence in the case that the motorman honestly and reasonably believed from all the circumstances that the car could and would pass the vehicle in safety, and that he operated said car at a prudent and careful rate of speed in rounding the curve, you cannot find the defendant guilty of negligence which proximately caused the damage to plaintiff's property." The following is charge 3, given for the plaintiff: "(3) The court charges the jury that it is not necessarily, as a matter of law, negligence in the slightest degree for the horse and buggy to have stopped near the curb and street car track, if the jury are reasonably satisfied from the evidence that they were so stopped."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court should have given charge 1, since no evidence was adduced to show the damage sustained by the harness.—*Brigham & Co. v. Carlisle,* 78 Ala. 243; *Burroughs v. Hines,* 94 Va. 413; *Hare v. Barnes,* 26 Ill. App. 580; 8 A. & E. Ency of Law, 540; *Buist v. Guice,* 96 Ala. 255; 14 S. W. 1071; *Manchester F. I. Co. v. Feibleman,* 118 Ala. 308; *A. G. S. v. Clark,* 145 Ala. 459; *Berry v. Nall,* 54 Ala. Counsel discuss the other assignments of error, but without citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel insist that the charges were requested in bulk as shown by the record and that if any were erroneous all were properly refused.—*Southern Ry. Co. v. Douglas,* 144 Ala. 359, and authorities there cited. Charge 1 was

properly refused.—*A. G. S. v. Tapia,* 94 Ala. 226; 1 Sutherlin on Damages, secs. 9 and 10. Counsel discuss other assignments of error, but without citation of authority.

McCLELLAN, J.—The property injured, as a result of the collision of a street car therewith, was the horse, buggy, and harness of the plaintiff. There was testimony tending to show injury to the harness, but an entire absence of evidence of the extent, in damage, of the injury to the harness. On this state of the evidence the defendant requested this special charge, which was refused: "Under the evidence in this case, you cannot award plaintiff any damages for any injury to or damages to the harness." It was incumbent on the plaintiff, as a condition to a recovery of damages for the injury to the harness, to show, not only the injury, but to adduce some proof from which the jury would be authorized to measure that injury in money.— *B. R. L. & P. Co. v. Harden,* 156 Ala. 244, 47 South. 327; *Buist v. Guice,* 96 Ala. 255, 261, 11 South. 280. This was not done and the charge requested was erroneously refused.

Charges 3 and 8, requested by the defendant, were properly refused. The existence vel non of negligence cannot be determined by the honesty of belief or reasonableness of thought on the part of the one alleged to have been derelict. It may be important upon an inquiry of willfulness or wantonness. But negligence is imputable from the act or omission, and is not controlled by the belief or intent with which the act is committed or the omission is permitted.—*L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301.

We think the refusal of charge 4, requested by the defendant, was erroneous. The testimony is without conflict that the rear end of the car was the part thereof inflicting the damage, and that by reason, as the plaintiff contended, of the "overhang" of the rear end as the car passed over the curve. One of the theories asserted by the defendant was that the injury was the result of the backing by the horse of the buggy into the rear end of the car, and not of the unaided, thereby, collision of the car with the vehicle. Obviously, if this insistence by defendant was credited by the jury, the injuries to plaintiff's property were not the proximate result of negligence of defendant's servant. The charge contains the hypothesis that, if the rear of the car would not have struck the vehicle unless the horse backed the buggy against the rear end of the car, the plaintiff could not recover. The hypothesized act was indicated by some tendencies of the evidence. Whether the jury would have-put faith in such tendencies we cannot know. The charge was not, in our opinion, calculated to mislead.

The third charge, given for plaintiff, is not subject to the criticism of being misleading.

The suggestion of appellee that the charges for defendant were asked in bulk is not sustained by the record. The bill recites that "the defendant requested the court, separately and severally in writing, to give to the jury each of the following charges. The court thereupon separately and severally refused to give each of said written charges so requested by defendant. * * *"

For the errors indicated, the judgment is reversed, and the cause is remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.