(82 South. 563)

TENNESSEE COAL, IRON & R. CO. v. FRANKLIN. (6 Div. 432.)

(Court of Appeals of Alabama. March 18, 1919. Rehearing Denied April 8, 1919.)

1. WATERS AND WATER COURSES ⬥⟹179(6)—DAMAGES FROM FLOWAGE—DIRECTED VERDICT.

Where there was evidence from which the jury could find that defendant made deposits in the creek and damages from overflow resulted to plaintiff's land, the affirmative charge requested by defendant was properly refused, though there was no evidence showing what portion of damage was done by the deposits made in the creek by the defendant, or by those made by others.

2. WATERS AND WATER COURSES ⬥⟹179(5)—DAMAGES FROM FLOWAGE—INSTRUCTIONS—AMOUNT.

Where there was evidence sufficient to justify a finding of permanent injury to plaintiff's land, a requested charge that the jury could find against defendant only for nominal damages was properly refused.

3. WATERS AND WATER COURSES ⬥⟹179(4)—FLOWAGE—DAMAGES—EVIDENCE.

Where there was evidence that plaintiff's crops for the year prior to the suit were damaged as a result of deposits in the creek by the defendant, but no evidence as to the value of the crops, it was error to refuse a requested charge that no damages could be awarded for injury to the crop during that year.

4. APPEAL AND ERROR ⬥⟹1067—HARMLESS ERROR—REFUSAL OF CHARGE.

Where there was a general verdict for plaintiff, error in refusing a requested charge that damages could not be awarded for one item claimed by plaintiff cannot be held harmless.

<hr>

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 200 Ala. 68.    [2] 201 Ala. 184.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Joseph Franklin against the Tennessee Coal, Iron & Railroad Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Certiorari denied 203 Ala. 697, 82 South. 893.

Percy, Benners & Burr and D. K. McKamy, all of Birmingham, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

BRICKEN, J. This was an action by the appellee, who was the owner of certain lands in Jefferson county, against the appellant, for injury done to his land and crops by reason of the fact that the appellant deposited substances in a creek which flowed through appellant's land and caused the lands to overflow. The complaint consisted of only one count.

The complaint was sufficient, and was not subject to the demurrers interposed. Tenn. Coal & Iron R. R. Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48.

[1] There was no error in the refusal of the court to give the affirmative charge requested in writing by the appellant. While it is true that there was no evidence offered showing what portion of the damage was done by the deposit made in the creek by appellant, and that deposits were made in the creek by others, which might have contributed to the damage, still there was sufficient evidence for the jury to find that the appellant made deposits in the creek, and that damage resulted therefrom. If the appellant wished the damage caused by it to be limited to the deposits made by appellant, it should have requested an instruction to that effect.

[2] There was no error in refusing to charge the jury that they could only find against appellant for nominal damages. The evidence was sufficient to justify a finding of permanent injury to the land.

[3, 4] The court erred in refusing to give the following charge requested in writing:

"The court charges the jury that they cannot award plaintiff any damages for injury to his crops during the year prior to the filing of this suit." B. R., L. & P. Co. v. Camp, 161 Ala. 456, 49 South. 846.

While it is true that there was evidence offered showing the destruction of the crops, still no evidence of the value of the crops was offered, and there was no evidence upon which the jury could fix a money value for the damage done to the crops. There was a general verdict for the plaintiff, and it cannot be said that the refusal to give this charge resulted in no injury to the appellant. We have examined the other charges refused to appellant, also the exceptions to the oral charge of the court, and the exceptions to the rulings of the court upon the evidence, and find no error.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.