(83 South. 323)

ALABAMA FUEL & IRON CO. v. VAUGHN.
(7 Div. 2.)

(Supreme Court of Alabama. Nov. 13, 1919.)

1. LIMITATION OF ACTIONS ⬦32(1)—RECOVERY FOR POLLUTION OF STREAM LIMITED TO DAMAGES FOR PRIOR TWELVE MONTHS.

In an action for damages to plaintiff's land by pollution of a stream and a deposit of sediment upon the overflow of the stream, due to the construction of a coal washer and dam, where the damage was neither intentional, direct, nor immediate, but was consequential, a cause of action in case arose limiting the right of recovery to damages suffered within 12 months prior to the commencement of the suit.

2. LIMITATION OF ACTIONS ⬦32(1)—INSTRUCTION AS TO ALLOWANCE OF DAMAGES IN ACTION FOR POLLUTION OF STREAM ERRONEOUS.

In an action for pollution of a stream across plaintiff's land due to the construction of a coal washer and dam by an upper riparian owner, an instruction that plaintiff was entitled to recover for all damages suffered for one year prior to the commencement of the suit up to the time of trial was erroneous, where the suit was begun on November 20, 1917, and the case tried in August, 1918; such period being more than one year prior to the commencement of suit.

3. WATERS AND WATER COURSES ⬦77—REFUSAL OF INSTRUCTIONS FOR DEFENDANT IN ACTION FOR POLLUTION OF STREAM ERRONEOUS.

In an action for damages caused by pollution of a stream due to the erection of a coal mine washer and dam by an upper riparian owner, wrongful acts and negligence on defendant's part being charged, it was error to refuse to charge that, if defendant did not wrongfully or negligently cause the water to flow over or be upon plaintiff's land, a verdict for plaintiff could not be returned.

Appeal from Circuit Court, St. Clair County; O. A. Steel, Judge.

Action by J. A. Vaughn against the Alabama Fuel & Iron Company, for damages for the deposit of deleterious matter upon his lands. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Percy, Benners & Burr and J. R. Forman, all of Birmingham, for appellant. The remedy is case, and not trespass. Tutwiler C., C. & I. Co. v. Nichols, 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; Drake v. Lady-Ensley Co., 102 Ala. 501, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77; Parsons v. T. C. I. & R. R. Co., 186 Ala. 84, 64 South. 591. Damages which occurred subsequent to the bringing of the suit must be recovered in a separate suit. Hughes v. Anderson, 68 Ala. 280, 44 Am. Rep. 147, and authorities supra.

Frank S. Andress, of Birmingham, for appellee. No brief reached the Reporter.

GARDNER, J. Plaintiff, appellee here, brought this suit as lower riparian owner to recover damages which he insists he has suffered by reason of the pollution of a stream, known as Black creek, running through a portion of his land. The defendant operated a coal mine above the plaintiff's land, and at a distance of something over a mile above his land had constructed a washer and a dam on said creek. As a result of this washer, coal dust and other sediment were deposited in the creek, and after leaving defendant's premises said sediment was carried down across this land until it reached plaintiff's. When the creek rose from rains, it would, to some extent, overflow the plaintiff's land leaving deposits or sediment when the water subsided. In an overflow during July, 1917, much of the deposits and damages complained of occurred.

The evidence for the plaintiff tended to show that the sediment deposited in the creek covered, in varying thicknesses, a large area of his farm, damaging his crops, rendering less valuable his land, creating an offensive odor, and destroying the usefulness of the creek for domestic purposes, and the water-

ing of stock; it being the only running stream on his premises.

[1] Whatever damage was inflicted, it appears from the undisputed evidence in the case, was neither intentional, direct, or immediate, but was consequential, and therefore discloses an action in case as plaintiff's remedy, limiting the right of recovery to such damages as he suffered within 12 months prior to the commencement of the suit. Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; Parsons v. Tenn., C. & I. Co., 186 Ala. 84, 64 South. 591; Tenn., C. & I. Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48; Drake v. Lady Ensley Coal, Iron & Ry. Co., 102 Ala. 501, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77.

[2] There was exception duly reserved to that part of the oral charge of the court in which he instructed the jury that the plaintiff was entitled to recover for all damages suffered from one year prior to the commencement of the suit up to the time of the trial. The suit was begun on the 20th of November, 1917, and the case tried in August, 1918. This would cover a period of nearly two years and was error prejudicial to the defendant—for which the judgment must be reversed.

There are three counts in the complaint, the last of which very clearly, we think, states an action in case. As to the first and second counts there is some confusion and uncertainty as to whether or not the pleader has stated an action of trespass or case; and, while there were demurrers to the complaint, we find no reference thereto or to any ruling thereon in the judgment entry. If they should be held to state a cause of action in trespass, the affirmative charge was due the defendant upon them in view of the undisputed evidence referred to above. We call attention to the fact that these two counts charge the defendant with having wrongfully caused said water to flow or be upon said land, and the last count that the defendant negligently caused said water to be or flow upon said land. We do not understand from the record that the evidence went to show the bed of the creek had been filled by this pollution to such an extent as to cause the water to flow over the plaintiff's land. It may be that this was in the mind of the pleader at the time the complaint was drawn; but, if such was the case, the evidence in this record does not appear sufficiently clear upon this point to sustain such averment, and there was consequently a failure to prove the case as laid.

[3] The defendant requested the court to charge the jury that, if it or its servants or agents did not wrongfully or negligently cause the water to flow or be upon plaintiff's land, then they could not find a verdict for the plaintiff. In view of our interpretation of the record, as above disclosed, and the averments of the three counts of the complaint, the refusal of this charge was also error.

The case of Tutwiler Coal & Coke Co. v. Nichols, supra, seems to be very fully stated in the report and bears close similarity to the facts developed in this record. That authority treats several questions of evidence, and, in connection with the other cases above cited, we think sufficiently states the law of the case for guidance upon another trial. We deem it unnecessary to here consider the few remaining questions.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.