(88 South. 857)

## ALABAMA FUEL & IRON CO. v. VAUGHAN. (7 Div. 188.)

(Supreme Court of Alabama. April 21, 1921.)

1. **Waters and water courses ⬤⇒179(1)—Complaint for overflow of lands held to state cause of action.**

Complaint by a landowner against a fuel and oil company for trespass by causing the overflow of his lands by large quantities of water *held* to state a good cause of action.

2. **Appeal and error ⬤⇒494—Ruling on demurrer not available, where no judgment thereon shown by record.**

Ruling on defendant's demurrer to the complaint is not available to it, where no judgment thereon is shown by the record; the mere recital in the minute entry that the demurrer was overruled not being sufficient.

3. **Waters and water courses ⬤⇒171(2)—Company not liable for flooding of plaintiff's lands by creek waters caused by heavy rains.**

Defendant fuel and oil company was not liable to plaintiff as for a trespass on account of the overflow of his lands by waters of a creek, caused, not by defendant company's negligence or act, but entirely by natural causes, extraordinarily heavy rains.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by J. A. Vaughan against the Alabama Fuel & Iron Company in trespass on the case. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The cause was submitted to the jury on count 3 of the complaint, which is as follows:

"The plaintiff claims of the defendant the sum of three thousand dollars as damages, for that heretofore, on, to wit, for six years immediately preceding the filing of this suit, plaintiff was in possession of the following tract of land, to wit: The east half (E. ½) of the southeast quarter (S. E. ¼) in section thirty-three, township sixteen (16), range one (1), in St. Clair county, Alabama—upon which land plaintiff resided with his family and conducted the business of farming, raising crops, and other things; that during said time large quantities of water were caused to flow over and upon said land, and as a proximate consequence of said water flowing or being upon said land, as aforesaid, said premises were rendered of less value to plaintiff as a place of residence and a place to conduct business, was rendered less comfortable and convenient for plaintiff as a residence for himself and his family, and as a place to conduct said business, the said

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land being less fertile, its value greatly impaired, and some portions thereof destroyed, and plaintiff was put to great trouble, inconvenience, and expense in and about using, and his efforts to use, said place for the purpose aforesaid, and plaintiff was made sick and suffered great mental and physical pain, and members of plaintiff's family were made sick, and plaintiff was put to great trouble, inconvenience, and expense for medicine, medical attention, care, and nursing in and about his efforts to cure said sickness. Plaintiff avers that the defendant negligently caused said water to flow or be upon said land, and said negligence of the defendant proximately resulted in the said injuries and damages to plaintiff."

The pleas were of the general issue and the statute of limitations of one year.

Percy, Benners & Burr and J. R. Forman, all of Birmingham, for appellant.

Lack of proof of any material averment authorizes the giving of the general charge. 203 Ala. 461, 83 South. 323; 198 Ala. 469, 73 South. 648; 194 Ala. 278, 69 South. 952. Charges should be based on the testimony actually before the jury and should not relate to outside or supposed facts. 97 Ala. 732, 12 South. 72; 15 Ala. App. 266, 73 South. 148; 78 Ala. 196. Special damages cannot be recovered, unless they are claimed. 99 Ala. 331, 13 South. 51; 150 Ala. 402, 43 South. 574; 153 Ala. 393, 44 South. 1017. As to damages for permanent injuries to land, see 161 Ala. 278, 49 South. 851; 181 Ala. 576, 61 South. 934; 3 Ala. App. 385, 58 South. 86. Complaint did not charge actionable negligence. 171 Ala. 251, 55 South. 170.

Andress & Hewitt, of Birmingham, for appellee.

No brief reached the Reporter.

SOMERVILLE, J.    [1, 2] We think the complaint states a good cause of action, and, if it is subject to any of the grounds of demurrer assigned, the ruling on the demurrer is not available to appellant because no judgment thereon is shown by the record. A mere recital in the minute entry that the demurrer was overruled is not sufficient. Ala. Nat. Bk. v. Hunt, 125 Ala. 512, 28 South. 488.

[3] The gravamen of the action is some negligent act of the defendant company, which caused large quantities of water to flow over and upon the plaintiff's land. The undisputed evidence showed that the waters which flowed over plaintiff's land were waters from a creek, and that their overflow was due entirely to natural causes, viz. the flooding of the creek by extraordinarily heavy rains, causing its waters to rise above its channel, and to overrun its banks upon plaintiff's lands immediately adjoining.

With that flooding, so far as appears, no act or agency of the defendant had anything whatever to do, and plaintiff's case failed for want of evidence to support it. It results that the trial judge erred in refusing to give for defendant the general affirmative charge as requested. We reached the same conclusion as to this count on a former appeal. Ala. Fuel & Iron Co. v. Vaughan, 203 Ala. 461, 83 South. 323.

It may be that plaintiff has a cause of action against defendant for the pollution of the stream, in violation of plaintiff's right as a lower riparian proprietor; but the complaint does not present such a case.

We deem it unnecessary to pass upon other questions raised by the assignments of error.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.