153 So. 213

## CITY OF BIRMINGHAM v. JONES.
### 6 Div. 535.

Supreme Court of Alabama.
March 1, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

Jas. Esdale and John T. Batten, both of Birmingham, for appellee.

THOMAS, Justice.

The suit is for taxes erroneously paid to the city. There was an agreed statement of facts.

The pleading was in short by consent and presented the statute of limitations. Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804.

The essential points in the case are: (1) Payment on July 7, 1931, of $50, of which $24.75 was handed over to the city a week or ten days thereafter; (2) sworn demand for return on April 20, 1932, by verified statement of appellee, made on the city clerk for the $24.75; (3) the sworn demand alleges that the payment was made by mistake, error, or double assessment of the same property; (4) appellee's verified petition to the probate court states payment was made through mistake or error, and claimed refund on said taxes so paid in error on the 7th day of July, 1931; (5) the probate judge's certificate was "that the allegations in the petition appear to be true."

■ Thus, the "sworn claim," the petition for refund of taxes paid in error, and the finding of the probate judge were to the effect that *"the taxes were paid by appellee to the tax collector through mistake or error on the 7th day of July, 1931."* (Italics supplied.) This was more than three months from the time of payment. No such recovery is allowed by statute after the expiration of three months has elapsed after payment, without an appropriate written demand for repayment —a condition precedent to a recovery. General Acts 1915, pp. 297, 298, § 11; City of Birmingham v. Doster-Northingham Drug Co., 207 Ala. 542, 93 So. 475.

The provisions of the statute applicable to the city of Birmingham are: "All payments of money made to any such city or any officer or board thereof under mistake of law or fact upon any irregular or illegal tax assessment, or any ordinance or resolution or any assessment for public improvements or for any such purpose whatever, shall only be recoverable if proceedings for such recovery shall be commenced within twelve months after such payment was made and after written claim filed within three months from the time such payment was made." Acts 1915, pp. 297, 298, § 11.

The act, including its section 11, was in force and effect, being within the exceptions of the statute, section 12, Code of 1923. In re Fred Fite (Ala. Sup.) 152 So. 246;[1] City of Birmingham v. Doster-Northingham Drug Co., supra; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Ex parte City of Birmingham [Best v. City of Birmingham], 201 Ala. 641, 79 So. 113; Milner v. City of Birmingham, 201 Ala. 689, 79 So. 261; Fitts v. Commission of City of Birmingham, 224 Ala. 600, 141 So. 354; Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14; McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L. R. 1076; Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823.

■ It appears from the complaint that the assessment was illegal; that the written sworn claim for refund was not filed until more than three months after payment was made on demand. Acts of 1915, pp. 297, 298, § 11. This illegality dated from the time of the assessment (State v. Mortgage-Bond Co. of New York, 224 Ala. 406, 140 So. 365; Union Central Life Ins. Co. v. State ex rel. Whetstone, Tax Assessor, 226 Ala. 420, 147 So. 187), and was subject to the rule of the act (Acts 1915, pp. 297, 298, § 11) as to the presentation of the claim as required.

The municipal court held that under section 11 of the act of 1915 (Acts 1915, pp. 297, 298, § 11) the appellee could not recover because he had failed to duly make claim in writing within three months from the time of payment made to the tax collector.

The judgment on appeal to the circuit court is to the contrary, and is in error.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] Ante, p. 4.