174 So. 624

### HOWELL v. CITY OF DOTHAN.

#### 4 Div. 911.

Supreme Court of Alabama.

May 13, 1937.

H. R. McClintock, of Dothan, for appellant.

160

T. E. Buntin, of Dothan, for appellee.

THOMAS, Justice.

The appeal is from a decree in equity that abated a nuisance caused by the overflow, diversion, and discharge of sewage, and a failure to award damages.

The testimony was not given ore tenus and the decree is not supported by the usual presumptions. The evidence will be weighed and considered de novo and judgment given as is deemed just in the premises. Michie's Code and Code 1923, § 10276, subsec. (1); Wood v. Foster, 229 Ala. 430, 157 So. 863; Fannin v. Trotter, 215 Ala. 17, 109 So. 102.

This court has declared that a suit on a claim against a city brought within the time prescribed for presentation of such claim was sufficient compliance with the section as to presentation of claims against such municipality. Code, § 1907; Town of Linden v. American-La France & Foamite Industries, 232 Ala. 167, 167 So. 548. The City of Birmingham v. Jones, 228 Ala. 160, 153 So. 213; Elmore County v. Moon (C.C.A.) 293 F. 297; Maddox v. Birmingham, 232 Ala. 383, 168 So. 424, cases were under the Birmingham Act.

The city pleaded the several statutes of limitation. The bill does not aver presentation of claim for damages. City of Huntsville v. Goodenrath, 13 Ala.App. 579, 68 So. 676; Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795.

The appellant now insists that the provisions of section 2029 of the Code have no application to the facts of the instant case. City of Florence v. Woodruff, 178 Ala. 137, 59 So. 435.

The law of a nuisance caused by pollution and obstruction of a watercourse is well understood. McCary v. McLendon et al., 195 Ala. 497, 70 So. 715; Town of York v. McAlpin, 232 Ala. 158, 167 So. 539; Tennessee C., I. & R. Co. v. Hamilton, 100 Ala. 252, 14 So. 167, 46 Am.St. Rep. 48; Drake v. Lady Ensley, etc., Co., 102 Ala. 501, 14 So. 749, 24 L.R.A. 64, 48 Am.St.Rep. 77; Tutwiler, etc., Co. v. Nichols, 145 Ala. 666, 39 So. 762.

It is further established that growing trees are a part of the realty (Davis v. Miller-Brent Lumber Co., 151 Ala. 580, 44 So. 639), and that, where such timber is destroyed, the measure of damages is the diminished value of the land, caused by such destruction or inundation (Southern Ry. Co. v. Slade, 192 Ala. 568, 68 So. 867). Otherwise stated, the measure of

the damage for destruction of timber is the difference between the value of the land before and after such trespass. Granade v. United States L. & C. Co., 224 Ala. 185, 139 So. 409; Federal Land Bank of N. O. v. Davis, 228 Ala. 85, 152 So. 226; White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L.R.A. 199, 54 Am.St.Rep. 159; Warrior C. & C. Co. v. Mabel Min. Co., 112 Ala. 624, 20 So. 918; Brinkmeyer et al. v. Bethea, 139 Ala. 376, 35 So. 996; and see authorities, 80 A.L.R. 617 et seq.; 96 A.L.R. 74 et seq.

■ It is further established that, where there is no dispute of title, or that equitable relief is not barred on that ground, injunction is a proper remedy to restrain repeated or continuing trespass when the remedy at law is inadequate because of the nature of the injury, or because of multiplicity of actions necessary to obtain relief; and the damages sustained and proven are recoverable. Town of York v. McAlpin, 232 Ala. 158, 167 So. 539, and authorities; 1 Pom.Eq.Jur. §§ 252, 255.

It should be said of such recoverable damages that they must not be fanciful, but such as affect an ordinarily reasonable man in the use of his property, of the nature, location, use, and time as may be pertinent. City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L.R.A.1918F, 1020; Central Iron & Coal Co. v. Vandenheuk, 147 Ala. 546, 41 So. 145, 6 L.R.A.(N.S.) 570, 119 Am.St.Rep. 102, 11 Ann.Cas. 346; Bloch v. McCown, 219 Ala. 656, 123 So. 213.

And in Woodstock Operating Corp. v. Quinn, 201 Ala. 681, 79 So. 253, in a case of irreparable injury, the just judgment of a court of equity was invoked and sustained to prevent such injury. Town of York v. McAlpin, 232 Ala. 158, 167 So. 539.

We have indicated that, in such a case, equity, having assumed jurisdiction, will do complete justice between the parties as to the subject matter, and where injury has been sustained, that is actionable, damages will be awarded if sufficiently shown. McCary v. McLendon et al., 195 Ala. 497, 70 So. 715; Samples v. Grizzell et al., 230 Ala. 176, 160 So. 538; City of Tuscaloosa v. Williams, 229 Ala. 542, 158 So. 753.

In a claim for damages made against a municipality, due regard must be had for the statutes requiring due presentation of the nature and kind of damages dealt with. Sections 1907, 2029, and 2031, Code 1923;

City of Birmingham v. Jones, 228 Ala. 160, 153 So. 213.

■ Referring to the facts in the case, the two cows were shown to have died more than six months before the bill was filed. Such is the effect of the testimony of Mrs. Howell and her son. The sixteen hogs died within six months immediately preceding the filing of this bill. The value of the hogs is fixed at $96, and at the legal rate of interest thereon to May 15, 1937, amounts to $101.88. This sum is now allowed.

The decree recited "and there, also, are certain damages which the evidence tends to disclose that complainant has sustained—such as the loss of timber and the discomfort of complainant's home—which are not claimed in the pleading in this cause, however, this damage would likely come within the provisions of section 1907 or section 2029 et seq., of the Code of 1923."

■ The items for personal damages for inhaling unhealthy odors, affecting the right use of the home and health therein, are recoverable if claimed or presented within the requirements for presentation or suit. Code, §§ 1907, 2031. The effect of our cases is that any condition which creates an actionable annoyance and inconvenience to one in his home or business is an offense against his person and is a personal injury. City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201, 97 A.L.R. 114. Not having claimed and presented such element of damages to the municipality, as required by the statute, and suit not having been brought within six months of the accrual thereof, no recovery may be had in this suit for such personal injury or personal property damages. City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7, for personal injuries; Jones v. City of Birmingham, 207 Ala. 48, 92 So. 898, a nuisance for garbage and unwholesome odors; Maddox v. City of Birmingham, 232 Ala. 383, 168 So. 424, and City of Birmingham v. Estes, supra; Acts 1915, pp. 297, 298, §§ 10, 12, and 97 A.L.R. 114, and note p. 120; City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643.

As to the claim for damages as a permanent injury to the land, the evidence shows that, when the nuisance is abated, its value and condition will be restored to its original state and use. The evidence is not specific when the destruction of the trees along that watercourse was done or caused. Crawford v. Union Cotton Oil

162

Co., 202 Ala. 3, 79 So. 299; Schneider v. Southern Cotton Oil Co., 204 Ala. 614; 87 So. 97.

 The liability of a municipality for damages that are personal, or damages to personal property, or to real property, is stated in sections 1907, 2029, 2031 of Code. We have noted above the statutory requirement for presentation of claims to the municipality. We now advert to the requirement of time within which notice must be given by presentation for the claim for damages to land. It is that a claim for damages to land, resulting from the creation or maintenance of a nuisance done or suffered by a municipality, is subject to the limitation of six months fixed by Code, § 1907. The statute reads: "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." Sections 1907, 2029, Code.

It will be further noted that all claims for damages growing out of torts are placed in the same category, without regard to the nature of the damage or the property involved—and all claims for such damages, whether (1) to the person, (2) to personal property, or (3) to realty, are subjected to the limitation of six months, as to presentation of the claim. It may be observed that while Code, § 2031, deals specifically with claims for personal injury and death, requiring a more strict compliance as to filing of claim, it fixed no limitation; and that, therefore, the limitation fixed in section 1907 is read into section 2029 and section 2031. These statutes are construed in pari materia.

An action for pollution of a stream or overflow of land is an action of trespass on the case. That is to say, is a claim "for damages growing out of tort," within the terms of the statute. This court has so characterized such actions and applied to them the one-year statute of limitations for the right of recovery. Roundtree v. Brantley, 34 Ala. 544, 73 Am.Dec. 470; Polly v. McCall, 37 Ala. 20; Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 39 So. 762, 119 Am.St.Rep. 34; Alabama Fuel & Iron Co. v. Vaughn, 203 Ala. 461, 83 So. 323.

In the case of City of Birmingham v. Ingram, 20 Ala.App. 444, 103 So. 595, approved on certiorari to this court in Ex parte City of Birmingham, 212 Ala. 552, 103 So. 599, the Court of Appeals drew a distinction between claims for personal injuries and damages to realty, and held the former barred by limitation of ninety days and the latter subject to the general limitation of one year. But the court there was dealing with the special statute, applicable to the city of Birmingham (Gen. Acts 1915, pp. 294, 297, 298, §§ 10 and 12), which differs in material respects from the general statutes applying to other municipalities (Code 1923, §§ 1907, 2031).

 It may not be out of place to observe, as to damages that are recurring and separable, that the right to recover, as to such damages not barred by statute, is not affected by the fact that other damages of the same character are barred by statute, provided the damages sustained within the statutory period are separable from those that are barred under the statute by the lapse of time. Alabama Fuel & Iron Co. v. Vaughn, supra.

 The fact that the damages are sought in a suit for injunction would not change the rules or limitations of time for presentation of claim for damages or suit for such damages.

The averments of the bill as to damages are: "That she has continuously had dwelling houses on said land for herself and her tenants to live in and occupy; that she now uses and has continuously used the woodland portion of said land which lies near said creek for the purpose of pasturing her hogs, cattle and other stock, and that by reason of said water becoming polluted and poisonous, it is unwholesome and unfit for her stock to drink or bathe or lie in; * * * that since the respondent has been maintaining and emptying its sewer into said creek the waters in said creek have increasingly become unfit for either man or stock to drink, and also unfit for her stock to bathe or stand in; that foul, offensive and bad odors arising out of the said creek are smelled and inhaled by the occupants of her houses on said lands; * * * that by reason of said sewerage being emptied in increasing volume by respondent into said creek as aforesaid, the complainant's lands have been permanently injured in the sum of Two Thousand Dollars; that by reason of said sewerage being emptied in increasing

volume by respondent into said creek as aforesaid, the rental value of said lands of complainant has been injured in the sum of Two Hundred Fifty and no/100 Dollars per annum; * * * the complainant's stock have been made sick from drinking the water in said creek and in some instances stock have died from its effect thereby causing complainant to sustain a loss of One Thousand Dollars or more."

It is observed that this allegation of fact charges several items of damage: (1) The waters are wrongfully polluted and caused to become unfit for use by herself, tenants, and her stock; (2) that the offensive odors affect injuriously the occupants of the houses on the land; (3) that stock drinking the water so polluted were made sick and died; (4) that her rentals were depreciated $250 per annum; (5) and that her lands have been permanently injured in the sum of $2,000. Damages are alleged and claimed for personal injury and damage to her real estate through the pollution of the stream that flowed therein.

The witness Winnis Berry testified that Mrs. Howell "lost some timber"; that except for the dead timber the land would be worth as much as it ever was when the city ceased to discharge its sewage into the stream. Ed Battle testified that there was a lot of damaged trees "on the land"; and Phillip Cherry testified that the creek polluted as it was "destroyed a lot of timber."

The bill claims permanent injury and destruction of timber "by reason of said sewerage being emptied in increasing volume * * * into said creek." The witnesses Dawsey and Cherry testified that the spring had overflowed and choked, carrying debris into a small lake. The amount, character, extent, or time of that deterioration, destruction, or changed condition is not shown by the evidence; but is illustrated by the following question propounded to witness Winnis Berry and his answer: "Q. If that creek was cleared up where the sewerage wouldn't empty in there at all * * * wouldn't Mrs. Howell's land be worth just as much as ever? A. * * * yes, but she has lost some timber * * * up and down that creek." This is also brought out by the answer of the witness Butler: "If the City ceased and the acid plant ceased, it would be worth now as much as it ever was, yes, except the land was high"; and that of the witness Allen, "Well, those springs that used to be there wouldn't be there, and that would

have something to do with it." The witness Bradshaw likewise testified in this connection, that "If there wasn't no filth and things like that I don't know why her land wouldn't be worth as much as (it) ever was," or "worth just as much as any other land" if the city of Dothan were to cut off the sewer from dumping into the stream.

It is declared that injury to land which inconveniences the owner in its right and accustomed use, and requires time and expense to restore the land to its former condition, is permanent injury. Tennessee C., I. & R. Co. v. Hamilton, 100 Ala. 252, 14 So. 167, 46 Am.St.Rep. 48; Tennessee C., I. & R. Co. v. Franklin, 17 Ala.App. 115, 82 So. 563; Drake v. Lady Ensley, etc., Co., 102 Ala. 501, 14 So. 749, 24 L.R.A. 64, 48 Am.St.Rep. 77; Tutwiler, etc., Co. v. Nichols, 145 Ala. 666, 39 So. 762; Id., 146 Ala. 364, 39 So. 762, 119 Am. St.Rep. 34.

This court has stated: "Witness Ray was asked by defendant if there were any other ore washers up there. The obvious meaning and purpose of this inquiry were to prove that some other ore washer on the stream above plaintiff's land had contributed to the pollution of the stream. The court, on plaintiff's motion, refused to let this question be answered, and the defendant excepted. In this the circuit court erred. If another, not acting conjointly with defendant in doing the act which produced the alleged adulteration of the water, contributed materially to the result and the injury charged, it is not consistent with law or justice that the defendant should be required to answer in damages for that part of the injury it did not inflict. A different rule would probably prevail if the tort charged was the joint act of two or more; for torts are joint and several, when perpetrated by one act, or with one instrumentality. The question asked indicates that if there was another contributing cause of the alleged pollution of the water, it was independent of and separate from the ore washer erected and owned by the defendant. It is sufficient for each offender, if acting separately, to be mulcted for its own wrong." Tennessee C., I. & R. Co. v. Hamilton, 100 Ala. 252, 261, 14 So. 167, 171, 46 Am.St.Rep. 48.

As to such result and tort, the evidence is not sufficient to maintain a judgment for the whole damages stated so generally as we have indicated above.

164

Riggin v. Hogg et al., 203 Ala. 243, 82 So. 341; Louisville & N. Ry. Co. v. Higginbotham et al., 153 Ala. 334, 44 So. 872.

The injury and damage in question being in tort should have been presented or a suit brought before the bar of the statute.

There is shown by the evidence to have been the result or accrual of injury and damages through a long period of years. The evidence is not sufficient as to the time of destruction of the timber and the deterioration of the cultivatable land as to warrant a recovery.

The decree of the circuit court is corrected by awarding complainant damages of $101.88. So corrected, the judgment of the circuit court is affirmed. The appellee is taxed with all costs in this and the lower court.

Corrected and affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.