88 So.2d 823

### ATLANTIC COAST LINE RAILROAD COMPANY

v.

### Calvin F. BARGANIER.

6 Div. 860.

Supreme Court of Alabama.

June 21, 1956.

Graham, Bibb, Wingo & Foster, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellee.

SIMPSON, Justice.

Plaintiff recovered a judgment against the defendant in the amount of $65,000 as reduced by the order of the trial court on motion of the defendant for a new trial and acceptance of a remittitur by plaintiff. The defendant brings this appeal. This

case, involving a railroad crossing accident, has been tried three times. The judgment appealed from is the third one rendered against the defendant.

While we agree with the appellee that there must be an end to litigation, we see no way to avoid a reversal of the case for the errors indicated below.

Among the elements of damages claimed by the plaintiff in his complaint, there was included a claim for impairment of or lessening of the plaintiff's sense of hearing. Upon the trial of the cause, no evidence was presented as to this element. The court, in its oral charge, instructed the jury that the plaintiff had set out in his complaint that his sense of hearing was lessened or impaired; and later in the general charge, in instructing the jury on the measure of damages, stated, "The law says a jury should award such sum * * * as in their sound discretion would reasonably compensate for any and all injuries and damages including any lost wages * * * any physical pain * * * and *any other elements which have been set out in the complaint of a physical nature.*" (Emphasis supplied.)

The defendant, in writing, requested that the court instruct the jury as follows:

No. 36—"I charge you gentlemen of the jury that you cannot award any damages to the plaintiff for impairment of hearing."

No. 40—"I charge you gentlemen of the jury that you cannot award the plaintiff more than nominal damages for impairment of hearing."

Those charges were refused by the trial court.

Manifestly this was error which "probably injuriously affected substantial rights" of the defendant. Sup.Ct. Rule 45, Tit. 7, Supp.Code of Alabama, 1940.

In Smith v. Baggett, 1928, 218 Ala. 227, 118 So. 283, the plaintiff sought recovery for personal injuries and property damage. This court held that where there is no proof of personal injury as claimed in the complaint, the lower court properly gave, at defendant's request, an instruction that the plaintiff could not recover for personal injuries.

The almost exact point was considered in Birmingham Railway, Light and Power Company v. Camp, 161 Ala. 456, 49 So. 846, an action for damages against the appellant for injuries to a horse and buggy as a result of a collision of a street car of appellant with the horse and buggy of the appellee. The property injury was the horse, buggy and harness of plaintiff. There was testimony tending to show injury to the harness, but an entire absence of evidence of the extent of damage to the harness. On this state of the evidence the defendant requested a special written charge:

" 'Under the evidence in this case, you cannot award plaintiff any damages for any injury to or damage to the harness.' "

The court held that the refusal to give the stated charge was error to reverse since it was incumbent on the plaintiff as a condition to the recovery of damages for injury to the harness to show not only the injury, but to adduce some proof from which the jury would be authorized to measure that injury in money. See also Birmingham Railway, Light & Power Co. v. Harden, 156 Ala. 244, 245, 47 So. 327(7).

In Tennessee Coal, Iron & R. Co. v. Franklin, 1919, 17 Ala.App. 115, 82 So. 563, reversible error was pronounced where the lower court refused to instruct the jury upon request of the defendant, that they could not award damages for one item claimed by the plaintiff, there being no evidence upon which the jury could base the award.

**476**

We cannot agree with the contention of appellee that appellant is merely arguing the weight of the evidence, for we have diligently searched the record and we find a complete absence of evidence with reference, to appellee's impairment of hearing. Neither the appellant's brief in his recital of the evidence nor the appellee in its brief, in the correction and the supplying of omissions of appellant's statements as to the testimony of the witnesses, assert that any evidence of plaintiff's impairment of hearing was offered in the trial of this cause. In argument appellant first asserts that there was a complete absence of evidence to show that any physical injuries sustained by the plaintiff on the occasion complained of proximately caused him to suffer an impairment of hearing. True, at another point in the argument appellant does make some statement that plaintiff testified that before the accident his hearing was all right and that since the accident he had had some difficulty with his hearing.

Upon a consideration of the inconsistencies of appellant's statements in argument and the brief of appellee, it became necessary to search the record. The search disclosed, as heretofore mentioned, a complete absence of evidence with reference to appellee's impairment of hearing. We conclude, therefore, that this element of damage was erroneously submitted to the jury for their consideration. How much of the verdict reflects this element we do not know. Suffice it to say that on this state of the record, in view of the authorities cited above, it must be ruled the court committed error, prejudicial to the appellant, in refusing to give the above instructions, necessitating a reversal of the judgment.

While our study has revealed no other prejudicial error, we deem it unnecessary to treat of the other assignments of error.

Reversed and remanded.

All Justices concur.