STEAGALL, Justice.
Plaintiffs Bernice Madison and Blue Cross and Blue Shield of Alabama appeal from a judgment based on a jury verdict in favor of defendant William Jeffrey Ray and the denial of the plaintiffs’ motion for JNOV or, in the alternative, a new trial, in a case arising out of an automobile accident. We affirm. (Throughout this opinion, we shall refer only to Madison as the plaintiff.)
On May 18, 1986, Madison was a passenger in an automobile driven by her husband when the car in which they were riding collided with a vehicle driven by Ray. It was raining that day, and the traffic lights at the intersection where the accident occurred were not working. Ray was traveling in the center lane of five southbound lanes when the car in which Madison was riding entered the intersection. A collision ensued and Madison was injured. Madison later sued Ray, alleging that he had negligently and/or wantonly operated his vehicle so as to cause the accident. Blue Cross filed a motion to intervene, which was granted by the trial court. The court granted a directed verdict against Madison as to the wantonness count at the close of her case-in-chief. At the conclusion of the trial, the jury returned a verdict in favor of Ray on the negligence count.
On appeal, Madison argues five issues:
1. Whether the jury verdict was against the great weight of the evidence;
2. Whether it was reversible error on the grounds of hearsay to allow a police officer to testify to what a non-party allegedly told the officer;
3. Whether the trial court erred when it refused to read plaintiffs’ requested jury instruction;
4. Whether the court erred when it instructed the jury of the right-of-way of vehicles upon entering an intersection at approximately the same time (Ala.Code 1975, § 32-5-110); and
5.Whether it was error for the court to strike the plaintiffs’ wantonness count.
In reviewing the first issue, we note:
“A jury’s verdict is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust. This presumption of correctness is further strengthened when a motion for new trial is denied by the trial judge....
“In reviewing the correctness of a jury verdict, this Court must review the record in a light most favorable to the appellee.”
Pate v. Sunset Funeral Home, 465 So.2d 347, 350 (Ala.1984) (citations omitted.)
The jury heard all the testimony and returned a verdict in favor of Ray. After reviewing the evidence in a light most favorable to the appellee, this Court does not believe that the verdict was plainly erroneous, manifestly unjust, or against the great weight of the evidence presented.
In regard to the second issue, concerning the cross-examination of a witness for Madison, Ray argues that the statement the witness testified to was within the res gestae and was, therefore, properly admitted by the trial court. Madison’s witness, one of the investigating police officers, testified as to a statement made by Madison’s husband at the scene of the accident. We have stated the following regarding the res gestae or “spontaneous exclamation” exception to the hearsay rule:
“The trial court is vested with a reasonable discretion in determining whether a particular declaration falls within the ‘spontaneous exclamation’ exception to the hearsay rule.”
Bradford v. Stanley, 355 So.2d 328, 332 (Ala.1978) (citation omitted).
In the instant case, where there was evidence that the police officer arrived only a short time after the accident occurred— before the vehicles were moved and before Madison had gotten out of the car and was taken to the hospital, we cannot say that the trial judge abused the reasonable discretion afforded him in determining whether the statement falls within the realm of *12 the res gestae exception to the hearsay rule.
Madison’s contention in regard to the third issue is, likewise, without merit. Her requested jury charge stated:
“Unless the jury is reasonably satisfied from the evidence that the Plaintiff, Bernice Madison, knew of some circumstance making it dangerous for her to ride in the automobile of Mr. Richard Madison at the time and date of the accident, which resulted in the injuries complained of and that with such knowledge neglected to take precautions which a reasonably prudent person would have taken for her own safety, then Plaintiff would not be guilty of contributory negligence. It is not essential for the Plaintiff’s recovery that negligence of the Defendant’s driver be shown as a sole proximate cause of her injuries. It is sufficient that his negligence, concurring with one or more efficient causes, other than the Plaintiff’s fault, is the proximate cause.”
After a thorough review of the record, including the trial court’s oral charge to the jury, we can find no error. The court granted Madison’s motion for a directed verdict on the appellee’s contributory negligence defense, thereby taking it away from the jury’s consideration, and gave the combining and concurring negligence charge requested by Madison. Likewise, there was evidence presented at trial that would support the giving of the instruction based on § 32-5-110; we also find that the instruction was not misleading.
Finally, Madison argues that the trial court erred in striking her wantonness count in light of evidence to the effect that Ray was traveling at an excessive rate of speed. Our review of the record does not disclose evidence from which the jury could reasonably find the “awareness of the danger” element on the part of Ray to constitute wantonness.
At the close of Madison’s case-in-chief, at the time Ray’s motion for directed verdict as to the wantonness count was granted, no evidence had been presented from which the jury could have inferred wantonness. See Hamer v. Nelson, 516 So.2d 1381 (Ala.1987). We, therefore, hold that the trial judge did not err in granting Ray’s motion for directed verdict as to the wantonness count.
Due to the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.